## MARY MURPHY *vs.* MARIA E. LEE.

Suffolk.   Jan. 13. — May 6, 1887.   HOLMES & GARDNER, JJ., absent.

A. conveyed land to B. by a deed containing these words : " There is a passageway on the southeasterly side of the said premises, which is to be used in common with the abutters thereon." C. owned land abutting on the southeasterly side of the land conveyed to B. At the time of the conveyance from A. to B. there was a passageway four feet wide over which a right of way had been granted by A. as appurtenant to adjoining land which he had before that time conveyed. *Held,* that a right of way over B.'s land was not reserved as appurtenant to C.'s land by the deed to B. *Held, also,* that the declarations of A. to C., at the time of his deed to B., were not competent to affect the deed.

TORT, for breaking and entering the plaintiff's close in Boston, and cutting down a fence and posts thereon. Writ dated September 16, 1885. The answer alleged that the defendant had a right of way over the land of the plaintiff, four feet in width, and that the fence and posts taken down obstructed said passageway.

Trial in the Superior Court, without a jury, before *Barker*, J., who allowed a bill of exceptions, in substance as follows :

The plaintiff owns lot 1, and the defendant lot 4, as shown on a plan, a copy of which is printed in the margin.* The passageway in question is a part of lots 1, 2 and 3, and is shown by a dotted line ; it touches but does not encroach upon lot 4.

*                                 Fifth Street.

Lot 1.

Plaintiff.

Lot 4.

Defendant.

N.

Lot 2.

Lot 3.

The defendant does not claim any right in said passageway over lots 2 and 3, but claims a right of way in said passageway over lot 1. Her house comes within six inches of the dividing line separating the two estates.

Lots 1, 2, and 3 once belonged to Terence Lappen, who conveyed lots 2 and 3 to several grantees, by deeds in which rights of way were given over lot No. 1, along said passageway, to Fifth Street.

Terence Lappen's deed of lot 1 was to Henry Kane, in 1872, and contained the following words: " There is a passageway on the southeasterly side of said premises which is to be used in common with the abutters thereon, and said Kane to have the use in common of a certain water-closet at southerly end of said passageway."

In 1875 Kane conveyed lot 1 to the plaintiff by a deed containing words precisely the same as the above, except that the name " Murphy " was substituted for " Kane."

Lot 4 formerly belonged to William Kennedy, who got title in 1856, and by mesne conveyance it has come into the possession of the defendant. In all the deeds conveying this estate are the words, " with all the privileges and appurtenances thereto belonging," or words of similar import.

There was evidence tending to show that when Kennedy bought lot 4 in 1856, there was something said about a right of way over said passageway, but there is no deed other than as above, conveying such an easement; but from that time it was customary for him and his family, and the occupants of his house, to go to and from the back yard of his house over said passageway to Fifth Street; and there was evidence tending to show that no objection or hindrance to their so doing was made for twenty-five years or more. There was also evidence tending to show the contrary.

It was also in evidence, that at the time Lappen sold lot 1 to Kane in 1872, he told Kennedy that he had now made his, Kennedy's, right of way to Fifth Street a matter of record, so that no one could hereafter interfere with it; and it was also shown that no interference with or obstruction to its use was made after said deed in 1872, until the plaintiff refused and obstructed its use to the defendant and her tenants in 1883.

The defendant contended that the intent of Lappen in the reservation in his deed to Kane was clearly to confirm and give a right of way to Kennedy over said passageway, as an abutter thereon ; and asked the judge to rule that, even if Kennedy had not acquired a right of way by prescription, yet he had acquired it by the said reservation in said deed.

The judge refused so to rule, and found, as matter of fact, that, up to the time of Lappen's deed to Kane, the use by Kennedy of said passageway was permissive ; that, after that time, it was used as a matter of right ; and ruled that as twenty years had not elapsed since said adverse user began, the defendant had acquired no right of way by prescription, or by the reservation in said deed.

The judge found for the plaintiff ; and the defendant alleged exceptions.

*C. P. Gorely,* for the defendant.

*J. A. Maxwell,* for the plaintiff.

W. Allen, J.    The only exception is to the ruling of the court that a right of way over the plaintiff's land was not reserved as appurtenant to the defendant's land by the deeds under which the plaintiff claims.    The plaintiff derives her title from one Lappen, who, in 1872, conveyed the lot now owned by her to one Kane, who subsequently ·conveyed it to the plaintiff.    Both deeds contained the words, " There is a passageway on the southeasterly side of said premises, which is to be used in common with the abutters thereon."    The defendant's land abuts on the southeasterly side of the plaintiff's land ; and the contention for the defendant is, that a right of way in favor of the defendant's land was reserved in the deed.    At the time of the conveyance from Lappen to Kane, there was a passageway four feet wide, over which a right of way had been granted by Lappen as appurtenant to adjoining land which he had before that time conveyed.    The deed refers to an existing passageway, and the natural construction of it is, that it excepts from the grant the existing right of way, and not that it creates a new right.    The words, " which is to be used in common with the abutters thereon," do not necessarily include the defendant's land.    The passageway abutted upon the two lots in the rear which Lappen had sold, and the language may well be taken to refer only to those abutters on the way who had rights in it.

But if there had been an express reservation of the right of way to the defendant's grantor, it would not have created an easement in him. He was not a party to the deed, and a reservation in a deed cannot create an easement in a stranger to it. *Stockwell* v. *Couillard*, 129 Mass. 231, 233. *Young, petitioner*, 11 R. I. 636. *Bridger* v. *Pierson*, 45 N. Y. 601. *Hornbeck* v. *Westbrook*, 9 Johns. 73.

In *Wickham* v. *Hawker*, 7 M. & W. 63, a lease by indenture executed by three as lessors, two of whom had the legal title and the third the beneficial interest, contained a reservation of liberty to hawk, hunt, fish, and fowl upon the land. It was held that it could not operate as a reservation to the three, because one of them was not a conveying party, but, as the indenture was executed by the lessee, it might operate as a grant from him to the three.

The declarations of Lappen at the time of his deed to Kane are not competent to affect the deed.

*Exceptions overruled.*