HAY v. KNAUTH et al.

(Supreme Court, Appellate Division, Third Department. January 11, 1899.)

INJUNCTIONS — EASEMENTS — PRIVATE ROADS—CONTRACTS—RESTRICTIVE COVE-
NANTS—PLEADING—SUFFICIENCY OF COMPLAINT.
    In an action to restrain the obstruction of a private road through ad-
joining parcels of land, the complaint alleged that such road had been
laid and mapped out by the former owners of such parcels, who agreed
that such road should be forever kept open, for the benefit of themselves
and of any subsequent owners of any of the land delineated on such map;
that plaintiff acquired title to the parcel owned by her, subject to such
agreement; that one of the defendants acquired title to the other parcel.
through certain conveyances, each containing a covenant that no fence
should be erected along the line of such road within a certain specified
distance from the center thereof; and that his co-defendant, by whom
the road in question was being obstructed, acquired title to a portion of
the latter parcel, with full knowledge of such agreement respecting such
road. *Held*, that such complaint stated a cause of action, as it showed
an intent to locate and perpetuate such road, for the benefit of each parcel
of the entire property affected thereby.

Appeal from special term, Warren county.

Action by Isabella Hay against Percival Knauth and another for an injunction to restrain the obstruction of a private road. From an interlocutory judgment overruling a demurrer to the complaint, defendant Antonio Knauth appeals. Affirmed.

The following is a copy of the plat referred to in the opinion:

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-NAM, and MERWIN, JJ.

Lyman Jenkins, for appellant.
Michael H. Cardozo, for respondent.

LANDON, J. The complaint prays that the defendant be enjoined from maintaining a house and fence upon an alleged private road, and that he remove the same therefrom. The demurrer alleges that the complaint does not state facts sufficient to constitute a cause of action. The complaint, in addition to some formal allegations, alleges: That in February, 1891, Allan Hay and James Hay, who were father and son, were, respectively, the owners of adjoining parcels of land, bounded on the east by Lake George, and on the west by the public highway known as the "Lake Road," James Hay owning the northerly parcel, containing 10½ acres, and Allan Hay the southerly parcel, containing 7 acres; and that they then caused both parcels to be delineated upon one map, a copy of which forms part of the complaint, upon which map they projected and laid out a private road 25 feet wide, extending from the Lake road, through the land of Allan Hay, 450 feet, to the land of James Hay, about midway between the lake and the Lake road, and thence continuing about 600 feet through the middle of the land of James Hay, to the northerly boundary thereof, and at the same time agreed (whether orally or in writing is not alleged) that said private road should be forever kept open and maintained for the benefit of themselves and such persons as should become the subsequent owners of any of the land shown upon the map. That this map was filed in the office of the clerk of Warren county August 31, 1897 (this was after all the conveyances set forth in the complaint were made). That Allan Hay and the plaintiff, Isabella, his wife, by deed given October 31, 1891, conveyed to the defendant Percival Knauth 212,100 square feet of land, being the northerly and greater portion of his entire parcel, bounded on the east by the lake, and on the west by the Lake road, and on the northwest and for 300 feet "along the center of a private road (which road is 25 feet in width)"; and "it was expressly covenanted and agreed that any fence that should be erected along the line of the private road referred to in said deed should be set not less than 12½ feet from the center line of said road." That both defendants, prior to said conveyance, had knowledge of the said map and agreement as to said private road. That Allan Hay and the plaintiff, Isabella, by deed given March 7, 1892, conveyed the remainder of Allan's original parcel of 7 acres, being 2½ acres, to said James Hay, one of the boundaries of this deed being: "Thence [that is, from a point in the center of the Lake road], as the needle now points, north, 38 degrees 30 minutes east, along the center of a certain private road, 250 feet; thence north, 30 degrees east, along said private road, 50 feet." According to the map, from the point last mentioned, the lands conveyed lie upon both sides of the private road. This deed contained the like restrictive covenant as to building a fence 12½ feet from the center of the private road as did the deed to Percival Knauth. That James Hay, by deed given October 26, 1893, conveyed to the plaintiff, Isabella Hay, the parcel held by him in 1891, being the 10½ acres which he held when he and Allan Hay made the map and agreement. (Nothing is said in this deed about the private road, but the complaint alleges that Isabella Hay "was a party to the terms of said agreement as to said private road, and acquired title to the premises described in said last-mentioned deed, subject to

the agreement that the said private road shown on said map should forever thereafter be established and maintained as such.") That James Hay, by deed given June 10, 1896, conveyed to Percival Knauth the 2½ acres which Allan and Isabella Hay had conveyed to him March 7, 1892, as stated above. That it was covenanted in said deed "that any fence that might hereafter be erected along the line of the private road referred to in said deed should be set, at least, 12½ feet from the center thereof; that said private road should be kept open on a course north, one degree east, upon the most northerly corner of the land of said Percival Knauth, for a distance of 100 feet more or less, and until it reached land then owned by the plaintiff, the said Isabella Hay." The result of these conveyances was that Percival Knauth owned the parcel originally held by Allan Hay, lying upon each side of the alleged private road as it extended from the Lake road to the original parcel of James Hay, and that the plaintiff now owned the latter parcel, and no part of the private road was a boundary line between the two parcels. The complaint also alleges: That Allan and Isabella Hay, after the making of said map and agreement as to the private road, "conveyed several of the lots of land fronting upon said private road, and in and by each of said deeds so made by them there was conveyed to the grantees in said deeds a right of way through and over the said private road  *  *  *  to the highway known as the 'Lake Road.'" That each deed contained the like restrictive covenant as to building a fence 12½ feet from the center of said private road. That in September, 1896, Percival Knauth conveyed a portion of the premises so conveyed to him to his brother, the defendant Antonio Knauth, who took such conveyance with full knowledge of the facts above stated as to the making of the map and agreement between Allan and James Hay and the plaintiff respecting the private road. That in September, 1896, the defendant Antonio Knauth, against the protest of the plaintiff, commenced the erection of a house, and has since completed it, in such wise that part of the house extends into and covers part of said private road between the plaintiff's premises and the Lake road, and erected a fence across said private road near the entrance thereto from the Lake road, and prevented the plaintiff and the other owners of land fronting upon said private road from using the same. That the plaintiff and her grantees have expended considerable money in making and grading that part of the private road passing through the 10½ acres belonging to her and them, and the defendants refuse to allow the part of the road extending through their premises to be laid out or graded, or to allow the plaintiff or her grantees to pass over it.

We think the complaint states a cause of action. The appellant objects that the agreement between Allan and James Hay, in 1891, to establish and maintain the private road, was not in writing, was executory, was never executed, and therefore neither party thereby acquired any right or easement in the land of the other. The complaint does not allege that the agreement was not reduced to legal form, but such seems to be the inference from the language used, and, as the argument upon both sides is largely based upon that assumption, we accept it. A right of way over the land of another is

an interest in the land itself, and can be created only by grant, or by prescription, which presumes a grant. Nellis v. Munson, 108 N. Y. 453, 15 N. E. 739. The plaintiff cites numerous cases of restrictive covenants, negative easements, and amenities which relate to the character or use of the buildings upon the granted land, their uniform alignment at a fixed distance from the street, or such other user or nonuser as tends to preserve to the grantor or his grantees some useful or agreeable feature contributing to the value or desirability of the lots in whose favor the restriction is made. Such restrictions are enforced in equity, although the provisions of the deeds requiring such user or nonuser may be insufficient to sustain an action at law for breach of covenant. Barron v. Richard, 8 Paige, 351; Gibert v. Peteler, 38 N. Y. 165; Tallmadge v. Bank, 26 N. Y. 105; Trustees v. Lynch, 70 N. Y. 440; Assurance Soc. v. Brennan, 148 N. Y. 661, 43 N. E. 173; and many others. These negative covenants or restrictive provisions do not convey to a plaintiff the right of entry or any right to the physical use of the land of his neighbor, or of any tangible thing thereon. The difference is readily seen between my right of view from my house over the field of my neighbor to the waters or plains beyond, and my right of way across his field to the same waters or plains. In the one case I have a right of prospect, which my neighbor may not obstruct, but I cannot enter upon his land. In the other case, I may enter upon it, and traverse it, by virtue of my proprietary right in it. The courts uphold the former right when equity requires it; and, if the equity is doubtful, the court regulates its remedy to fit existing conditions (Trustees v. Thacher, 87 N. Y. 315); and this the more readily when the law furnishes no adequate remedy. We think, however, that the complaint shows a clear intent of Allan Hay, James Hay, and Percival Knauth, in the several deeds between themselves, to establish and perpetuate the private road and right of way over the same for the benefit of every parcel of the entire property, as located, mapped, and agreed upon by Allan and James Hay in 1891, and that such location and agreement were confirmed and thus established by the recitals and covenants in the deeds to Percival Knauth, including the deed of one parcel to his grantor, James Hay.

It is well settled that, where a deed refers to a street road or highway as a boundary, such reference establishes the right to use it as such between the parties to the deed, to the grantee as appurtenant to the land conveyed, and to the grantor if he retains the adjoining land. Haight v. Littlefield, 147 N. Y. 338, 41 N. E. 696; Holloway v. Southmayd, 139 N. Y. 390, 34 N. E. 1047, 1052; In re Eleventh Ave., 81 N. Y. 436; Kenyon v. Hookway, 21 App. Div. 342, 47 N. Y. Supp. 1138. The deed from Allan Hay to Percival Knauth, in 1891, made the northwest boundary of the land conveyed 300 feet in length "along the center of a private road (which road is 25 feet in width)." Allan Hay retained the land from the center of the private road adjoining the parcel then conveyed. Thus, the private road was located for 300 feet, and the right to its use as such vested in grantor and grantee, and the restrictive covenants in the deed had a subject-matter as their basis, and thus became effective. Next in the order of time, Allan Hay

being thus entitled to the right of way for the 300 feet in length between his land and that of Percival Knauth, conveyed his land to James Hay, making the center of the private road a boundary for the same 300 feet, established as such boundary in the previous deed to Percival Knauth, and containing the like restrictive covenant. The 2½ acres thus conveyed adjoined on the north the 10½ acres already owned by James Hay, and thus he had the right of way over the private road from his whole tract of 13 acres to the Lake road. The private road as laid out upon the map made by Allen and James Hay was identical with this boundary for 300 feet, and thence continued midway across the 10½ acres originally owned by James Hay. Next in the order of time, James Hay conveyed the 10½ acres to the plaintiff, without reference in the deed to the private road or right of way. To reach that part of the private road along the lands of Percival Knauth, the plaintiff would have to cross the 2½-acre lot retained by James Hay, and afterwards conveyed to Percival Knauth. It is true that the complaint does not allege that she was a party to the original agreement between Allan and James Hay respecting the private road, but does allege that she "was a party to the terms of said agreement," meaning, as we ought to construe an equivocal allegation in a pleading, that she knew the terms of the agreement. The further allegation in the complaint that she acquired title to the 10½ acres subject to such agreement is not equivocal in statement, though other evidence to support it than that intimated in the complaint may not exist. We must therefore assume that whatever right James Hay had as owner of the 10½ acres to the private road was in some way vested by him in the plaintiff.

We must assume that, as between James Hay and the plaintiff, an equity existed against him and in her favor to protect her in such right of way; and this equity is the basis and support of the covenants which we find in the deed next in order of time given by James Hay to Percival Knauth of the 2½ acres lying between Knauth's first purchase and the plaintiff's 10½ acres, and bounded, for the 300 feet as above mentioned, by the center of the private road. By this deed "it was expressly covenanted and agreed that any fence that might hereafter be erected along the line of the private road referred to in said deed should be set at least 12½ feet from the center thereof, and that said private road should be kept open on a course of north, one degree east, upon the most northerly corner of land of said Percival Knauth for a distance of 100 feet more or less, and until it reached land then owned by the plaintiff." Thus, the private road was located and defined from Percival Knauth's first purchase across the 2½ acres now purchased, and such location was an 'extension of the road as defined in the deed to him from Allan Hay, and from Allan Hay to his present grantor, James Hay.

Construing these deeds so as to give effect to the intention of the parties, in view of the facts known to all of them, and not inconsistent with the deed itself (Bridger v. Pierson, 45 N. Y. 601), it is manifest that Percival Knauth intended to covenant, and did covenant, that the plaintiff should have a right of way from her land over the private road as defined and located in the deed of his grantors to himself. In

view of such intention and covenant, he cannot insist that, as he now became the owner of all the land upon both sides of the private road from the Lake road to the lands of the plaintiff, whatever easements the adjoining owners had against him in such private road were extinguished. Nor, for the reason already stated, can he insist that, because the plaintiff is not a party to the deed from James Hay to him, she takes nothing under the covenants in that deed. In consideration of the equity against James to protect plaintiff in the right of way, James, as the owner of the 2½ acres, being in a situation to protect her, procures, upon a valid consideration, a covenant from the defendant to do so. Such covenant runs to her, within the principle of the many cases of covenant under seal, following Lawrence v. Fox. 20 N. Y. 268. The rule as stated in Durnherr v. Rau, 135 N. Y. 222, 32 N. E. 50, is:

"It is not sufficient that the performance of the covenant may benefit a third person. It must have been entered into for his benefit, or at least such benefit must be the direct result of performance, and so within the contemplation of the parties, and, in addition, the grantor must have a legal interest that the covenant be performed in favor of the party claiming performance."

The plaintiff's land was the only land to be benefited by this covenant, and the grantor's legal interest in its performance was his obligation to the plaintiff to confirm the right of way to her land while he was in a position to do so. Moreover, the covenants not to build a fence within 12½ feet of the center of the private road, while not grants of the right of way over it, are evidence of its existence; not indeed to absolute strangers to the deed, but in favor of previous grantees of the grantor, if it is seen that their rights against the common grantor were intended to be confirmed thereby. Murphy v. Lee, 144 Mass. 371, 11 N. E. 550. It is obvious that the intention here was to confirm the plaintiff's right of way in question. The complaint does not state the terms of Percival Knauth's deed to the appellant. It alleges that he took title with full knowledge of all the facts. It is not contended that he stands in any better position than his grantor, Percival Knauth.

The interlocutory judgment should be affirmed, with costs, with leave to the appellant to answer within 20 days upon payment of costs here and below. All concur.