ISABELLA HAY, Respondent, *v.* ANTONIO KNAUTH, Appellant, Impleaded with PERCIVAL KNAUTH.

*Real property — action to enjoin the maintenance of a house and fence upon a private road — agreement by adjoining owners that a private road delineated upon a map should be forever maintained — effect of restrictive covenants as to such road contained in subsequent grants.*

The complaint in an action brought by one Isabella Hay against Antonio Knauth and Percival Knauth to prevent the latter from maintaining a house and fence upon a private road, alleged that the owners of adjoining parcels of land, Allan Hay and James Hay, in the year 1891, caused such parcels to be delineated upon a map upon which they laid out a private road extending in part through the land of each, and agreed (whether orally or in writing it was not alleged) that said private road should be forever kept open and maintained for the benefit of themselves and such persons as should become owners of any of the land shown upon the map,

which was filed in 1897 in the office of the county clerk; that later in 1891 Allan Hay conveyed a portion of his land to Percival Knauth by a deed describing the premises as running "along the center of a private road (which road is twenty-five feet in width)" and containing the covenant "that any fence that should be erected along the line of the private road referred to in said deed should be set not less than twelve and one-half (12½) feet from the center line of said private road;" that subsequently, in 1892, Allan Hay conveyed to James Hay the remainder of his land by a deed which described the same as running "along the center of a certain private road 250 feet, thence north 30 degrees east along said private road 50 feet" (from which point last mentioned the land conveyed lay upon both sides of the private road), the deed containing a like restriction as to building a fence within 12½ feet from the center of the private road; that in 1893, James Hay conveyed to Isabella Hay, the plaintiff, the parcel owned by him when the map and agreement were made, but nothing was said in the deed about the private road; thereafter, in 1896, James Hay conveyed to Percival Knauth the parcel which Allan Hay had conveyed to him in 1892, the deed containing the covenant "that any fence that might hereafter be erected along the line of the private road referred to in said deed should be set at least twelve and one-half (12½) feet from the center thereof, and that said private road should also be kept open on a course north one degree east upon the most northerly corner of land of said Percival Knauth for a distance of one hundred feet more or less, and until it reached land then owned by the plaintiff, the said Isabella Hay." The result of such conveyances was that the defendant Percival Knauth owned the parcel originally held by Allan Hay lying upon both sides of the alleged private road to the original parcel of James Hay and that the plaintiff Isabella Hay now owned the latter parcel, no part of the private road being the boundary line between the two parcels.

The complaint also alleged that subsequently, in 1896, Percival Knauth conveyed a portion of the premises so conveyed to him to Antonio Knauth, who took such conveyance with full knowledge of the map and agreement respecting the private road, and that in September, 1896, the defendant Antonio Knauth, against the protest of the plaintiff, erected a house covering part of the private road, and erected a fence across said private road, preventing the plaintiff and other persons to whom Allan Hay and Isabella Hay had conveyed land fronting upon said private road, by deeds giving a right of way over it, and containing a covenant restricting the building of a fence within twelve and one-half feet of the center of said private road, from using it.

*Held,* that the complaint stated a cause of action;

That it showed a clear intent on the part of Allan Hay, James Hay and Percival Knauth, in the several deeds between themselves, to establish and perpetuate the private road and right of way over the same for the benefit of every parcel of the entire property as located, mapped and agreed upon by Allan and James Hay in 1891, and that such location and agreement was confirmed and thus established by the recitals and covenants in the deeds to Percival Knauth, including the deed of one parcel to his grantor, James Hay;

That, in view of the covenant made by Percival Knauth in the conveyances to him by James Hay and Allan Hay, he could not insist, upon his becoming the owner of the lands on both sides of the private road, that whatever easements the adjoining owners had in such road were extinguished, nor could he insist that, because the plaintiff was not a party to the deed from James Hay to him, she took nothing under the covenants therein;

That the covenants not to build a fence within a certain distance of the center of the road, while not grants of the right of way over it, were evidence of its existence in favor of previous grantees of the grantor, if it is seen that their rights against the common grantor were intended to be confirmed thereby.

APPEAL by the defendant, Antonio Knauth, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Warren on the 26th day of August, 1898, upon the decision of the court, rendered after a trial at the Warren Special Term, overruling the said defendant's demurrer to the plaintiff's complaint, with notice of an intention to bring up for review upon such appeal an order entered in said clerk's office on the 18th day of August, 1898, overruling said demurrer.

*Lyman Jenkins*, for the appellant.

*Michael H. Cardozo*, for the respondent.

LANDON, J.:

The complaint prays that the defendant be enjoined from maintaining a house and fence upon an alleged private road, and that he remove the same therefrom. The demurrer alleges that the complaint does not state facts sufficient to constitute a cause of action.

The complaint, in addition to some formal allegations, alleges that in February, 1891, Allan Hay and James Hay, who were father and son, were respectively the owners of adjoining parcels of land, bounded on the east by Lake George and on the west by the public highway known as the Lake road, James Hay owning the northerly parcel, containing ten and a half acres, and Allan Hay the southerly parcel, containing seven acres ; and that they then caused both parcels to be delineated upon one map, a copy of which forms part of the complaint, upon which map they projected and laid out a private road 25 feet wide, extending from the Lake road through the land of Allan Hay 450 feet to the land of James Hay about midway between the lake and the Lake road, and thence continuing about 600 feet

through the middle of the land of James Hay to the northerly bound-
ary thereof; and at the same time agreed (whether orally or in
writing is not alleged) that said private road should be forever kept
open and maintained for the benefit of themselves and such persons
as should become the subsequent owners of any of the land shown
upon the map; that this map was filed in the office of the clerk of
Warren county August 31, 1897. This was after all the convey-
ances set forth in the complaint were made. That Allan Hay and
the plaintiff, Isabella, his wife, by deed given October 31, 1891, con-
veyed to the defendant Percival Knauth 212,100 square feet of
land, being the northerly and greater portion of his entire parcel,
bounded on the east by the lake and on the west by the Lake road,
and on the northwest and for 300 feet " along the center of a private
road (which road is twenty-five feet in width)," and " it was expressly
covenanted and agreed that any fence that should be erected along
the line of the private road referred to in said deed should be set
not less than twelve and one-half (12½) feet from the center line of
said private road." That both defendants, prior to said conveyance,
had knowledge of the said map and agreement as to said private
road; that Allan Hay and the plaintiff Isabella, by deed given
March 7, 1892, conveyed the remainder of Allan's original parcel of
7 acres, being 2½ acres, to said James Hay, one of the boundaries
of this deed being : " Thence " (that is, from a point in the center of .
the Lake road) " as the needle now points north 38 degrees and 30
minutes east along the center of a certain private road 250 feet;
thence north 30 degrees east along said private road 50 feet."
According to the map, from the point last mentioned the lands
conveyed lie upon both sides of the private road. This deed con-
tained the like restrictive covenant as to building a fence 12½ feet
from the center of the private road as did the deed to Percival
Knauth.

That James Hay, by deed given October 26, 1893, conveyed to
the plaintiff, Isabella Hay, the parcel held by him in 1891, being the
ten and one-half acres which he held when he and Allan Hay made
the map and agreement. Nothing is said in this deed about the pri-
vate road, but the complaint alleges that Isabella Hay was " a party
to the terms of said agreement as to said private road, and acquired
title to the premises described in said last-mentioned deed, subject

to the agreement that the said private road shown on said map should forever thereafter be established and maintained as such."

That James Hay, by deed given June 10; 1896, conveyed to Percival Knauth the two and one-half acres which Allan and Isabella Hay had conveyed to him March 7, 1892, as stated above; that it was covenanted in said deed "that any fence that might hereafter be erected along the line of the private road referred to in said deed should be set at least twelve and one-half (12½) feet from the center thereof, and that said private road should also be kept open on a course of north one degree east upon the most northerly corner of land of said Percival Knauth for a distance of one hundred feet more or less, and until it reached land then owned by the plaintiff, the said Isabella Hay."

The result of these conveyances was that Percival Knauth owned the parcel originally held by Allan Hay, lying upon each side of the alleged private road as it extended from the Lake road to the original parcel of James Hay, and that the plaintiff now owned the latter parcel, and no part of the private road was a boundary line between the two parcels.

The complaint also alleges that Allan and Isabella Hay, after the making of said map and agreement as to the private road, "conveyed several of the lots of land fronting upon said private road, and in and by each of said deeds so made by them there was conveyed to the grantees in said deeds a right of way through and over the said private road * * * to the highway commonly known as the Lake road;" that each deed contained the like restrictive covenant as to building a fence twelve and one-half feet from the center of said private road.

That in September, 1896, Percival Knauth conveyed a portion of the premises so conveyed to him to his brother, the defendant Antonio Knauth, who took such conveyance with full knowledge of the facts above stated as to the making of the map and agreement between Allan and James Hay and the plaintiff, respecting the private road; that in September, 1896, the defendant Antonio Knauth, against the protest of the plaintiff, commenced the erection of a house, and has since completed it in such wise that part of the house extends into and covers part of said private road between the plaintiff's premises and the Lake road, and erected a fence across

said private road near the entrance thereto from the Lake road, and prevented the plaintiff and the other owners of land fronting upon said private road from using the same.

That the plaintiff and her grantees have expended considerable money in making and grading that part of the private road passing through the ten and one-half acres belonging to her and them, and the defendants refuse to allow the part of the road extending through their premises to be laid out or graded, or to allow the plaintiff or her grantees to pass over it.

We think the complaint states a cause of action. The appellant objects that the agreement between Allan and James Hay in 1891 to establish and maintain the private road was not in writing, was executory, was never executed, and that, therefore, neither party thereby acquired any right or easement in the land of the other. The complaint does not allege that the agreement was not reduced to legal form, but such seems to be the inference from the language used, and, as the argument upon both sides is largely based upon that assumption, we accept it. A right of way over the land of another is an interest in the land itself, and can be created only by grant or by prescription which presumes a grant. (*Nellis* v. *Munson,* 108 N. Y. 453.) The plaintiff cites numerous cases of restrictive covenants, negative easements and amenities which relate to the character or use of buildings upon the granted land, their uniform alignment at a fixed distance from the street, or such other user or nonuser as tends to preserve to the grantor or his grantees some useful or agreeable feature contributing to the value or desirability of the lots in whose favor the restriction is made. Such restrictions are enforced in equity, although the provisions of the deeds requiring such user or nonuser may be insufficient to sustain an action at law for breach of covenant. (*Barrow* v. *Richard,* 8 Paige, 351; *Gibert* v. *Peteler,* 38 N. Y. 165; *Tallmadge* v. *East River Bank,* 26 id. 105; *Trustees* v. *Lynch,* 70 id. 440; *Equitable Life Assurance Society* v. *Brennan,* 148 id. 661, and many others.) These negative covenants or restrictive provisions do not convey to a plaintiff the right of entry or any right to the physical use of the land of his neighbor or of any tangible thing thereon. The difference is readily seen between my right of view from my house over the field of my neighbor to the

THIRD DEPARTMENT, JANUARY TERM, 1899.          [Vol. 36.

waters or plains beyond, and my right of way across his field to the same waters or plains. In the one case I have a right of prospect which my neighbor may not obstruct, but I cannot enter upon his land; in the other case, I may enter upon it and traverse it by virtue of my proprietary right in it. The courts uphold the former right when equity requires it, and if the equity is doubtful, the court regulates its remedy to fit existing conditions (*Trustees* v. *Thacher*, 87 N. Y. 315), and this the more readily when the law furnishes no adequate remedy. We think, however, that the complaint shows a clear intent of Allan Hay, James Hay and Percival Knauth in the several deeds between themselves to establish and perpetuate the private road and right of way over the same for the benefit of every parcel of the entire property as located, mapped and agreed upon by Allan and James Hay in 1891; and that such location and agreement was confirmed and thus established by the recitals and covenants in the deeds to Percival Knauth, including the deed of one parcel to his grantor, James Hay.

It is well settled that where a deed refers to a street, road or highway as a boundary, such reference establishes the right to use it as such between the parties to the deed; to the grantee as appurtenant to the land conveyed, and to the grantor if he retains the adjoining land. (*Haight* v. *Littlefield*, 147 N. Y. 338; *Holloway* v. *Southmayd*, 139 id. 390; *Matter, etc., Eleventh Avenue*, 81 id. 436; *Kenyon* v. *Hookway*, 21 App. Div. 342.) The deed from Allan Hay to Percival Knauth, in 1891, made the northwest boundary of the land conveyed 300 feet in length " along the center of a private road (which road is twenty-five feet in width)." Allan Hay retained the land from the center of the private road adjoining the parcel then conveyed. Thus the private road was located for 300 feet, and the right to its use as such vested in grantor and grantee, and the restrictive covenants in the deed had a subject-matter as their basis, and thus became effective.

Next in the order of time, Allan Hay, being thus entitled to the right of way for the three hundred feet in length between his land and that of Percival Knauth, conveyed his land to James Hay, making the center of the private road a boundary for the same three hundred feet established as such boundary in the previous deed to Percival Knauth, and containing the like restrictive covenant. The two and one-half

acres thus conveyed adjoined on the north the ten and one-half acres already owned by James Hay, and thus he had the right of way over the private road from his whole tract of thirteen acres to the Lake road. The private road, as laid out upon the map made by Allan and James Hay, was identical with this boundary for three hundred feet, and thence continued midway across the ten and one-half acres originally owned by James Hay.

Next in the order of time, James Hay conveyed the ten and one-half acres to the plaintiff without reference in the deed to the private road or right of way. To reach that part of the private road along the lands of Percival Knauth, the plaintiff would have to cross the two and one-half acre lot retained by James Hay, and afterwards conveyed to Percival Knauth. It is true that the complaint does not allege that she was a party to the original agreement between Allan and James Hay respecting the private road, but does allege that she was "a party to the terms of said agreement," meaning, as we ought to construe an equivocal allegation in a pleading, that she knew the terms of the agreement. The further allegation in the complaint, that she acquired title to the ten and one-half acres sub- ject to such agreement, is not equivocal in statement, though other evidence to support it than that intimated in the complaint may not exist. We must, therefore, assume that whatever right James Hay had as owner of the ten and one-half acres to the private road was in some way vested by him in the plaintiff.

We must assume that, as between James Hay and the plaintiff, an equity existed against him and in her favor to protect her in such right of way, and this equity is the basis and support of the cove- nants which we find in the deed next in order of time given by James Hay to Percival Knauth of the two and one-half acres lying between Knauth's first purchase and the plaintiff's ten and one-half acres, and bounded for the three hundred feet as above mentioned, by the center of the private road. By this deed " it was expressly covenanted and agreed that any fence that might hereafter be erected along the line of the private road referred to in said deed, should be set at least twelve and one-half ($12\frac{1}{2}$) feet from the centre thereof, and that said private road should be kept open on a course of north, one degree east, upon the most northerly corner of land of said Percival Knauth for a distance of one hundred feet

more or less, and until it reached land then owned by the plaintiff." Thus the private road was located and defined from Percival Knauth's first purchase across the two and one-half acres now purchased, and such location was an extension of the road as defined in the deed to him from Allan Hay, and from Allan Hay to his present grantor, James Hay.

Construing these deeds so as to give effect to the intention of the parties in view of the facts known to all of them, and not inconsistent with the deed itself (*Bridger* v. *Pierson*, 45 N. Y. 601), it it manifest that Percival Knauth intended to covenant and did covenant that the plaintiff should have a right of way from her land over the private road as defined and located in the deed of his grantors to himself. In view of such intention and covenant he cannot insist that as he now became the owner of all the land upon both sides of the private road from the Lake road to the lands of the plaintiff, that whatever easements the adjoining owners had against him in such private road were extinguished. Nor, for the reason already stated, can he insist that, because the plaintiff is not a party to the deed from James Hay to him, she takes nothing under the covenants in that deed. In consideration of the equity against James to protect plaintiff in the right of way, James, as the owner of the two and one-half acres, being in a situation to protect her, procures upon a valid consideration a covenant from the defendant to do so. Such covenant runs to her within the principle of the many cases of covenant under seal following *Lawrence* v. *Fox* (20 N. Y. 268). The rule as stated in *Durnherr* v. *Rau* (135 N. Y. 222) is : "It is not sufficient that the performance of the covenant may benefit a third person. It must have been entered into for his benefit, or at least such benefit must be the direct result of performance and so within the contemplation of the parties, and in addition the grantor must have a legal interest that the covenant be performed in favor of the party claiming performance."

The plaintiff's land was the only land to be benefited by this covenant, and the grantor's legal interest in its performance was his obligation to the plaintiff to confirm the right of way to her land while he was in a position to do so. Moreover, the covenants not to build a fence within twelve and one-half feet of the center of the private road, while not grants of the right of way over it, are evidence of

its existence, not indeed to absolute strangers to the deed, but in favor of previous grantees of the grantor, if it is seen that their rights against the common grantor were intended to be confirmed thereby. (*Murphy* v. *Lee*, 144 Mass. 371.) It is obvious that the intention here was to confirm the plaintiff's right of way in question. The complaint does not state the terms of Percival Knauth's deed to the appellant. It alleges that he took title with full knowledge of all the facts. It is not contended that he stands in any better position than his grantor, Percival Knauth.

The interlocutory judgment should be affirmed, with costs, with leave to the appellant to answer within twenty days upon payment of costs here and below.

All concurred.

Interlocutory judgment affirmed, with costs of this appeal, with leave to the appellant to answer within twenty days upon payment of costs here and below.

---

NOTE.— The rest of the cases of this term will be found in the next volume, 37 App. Div.— [REP.