(72 App. Div. 304.)

### NEW YORK CARBONIC ACID GAS CO. v. GEYSERS NATURAL CARBONIC ACID GAS CO.

(Supreme Court, Appellate Division, Third Department. May 7, 1902.)

1. EASEMENT—RIGHT OF WAY—NECESSITY.
    In 1889 W. conveyed to H. a small piece of land, without any outlet, so that a right of way by necessity existed over unsold land of W. In 1893 W. conveyed the servient estate to P., with covenants of warranty, "subject to a right of way to H., his heirs and assigns, over the broken road, as it now exists, to and from the land conveyed to him by deed dated 1889." This was identical with the way of necessity. *Held*, that this clause was merely to save W. from any liability on his covenants of warranty, and did not grant an absolute right of way to H., and, the way of necessity being subsequently extinguished by his purchase of other lands giving him an outlet, he was not entitled to the way described.

2. SAME—SUBSEQUENT DEED.
    A deed of the way by W. to H. in 1896 was ineffectual, as W. no longer had any interest to convey.
    Smith and Fursman, JJ., dissenting.

Appeal from trial term.

Action by the New York Carbonic Acid Gas Company against the Geysers Natural Carbonic Acid Gas Company to establish a right of way. From a judgment for plaintiff (72 N. Y. Supp. 354), defendant appeals. Reversed.

See 67 N. Y. Supp. 439.

Argued before PARKER, P. J., and KELLOGG, SMITH, CHASE, and FURSMAN, JJ.

James W. Verbeck, for appellant.
Edgar T. Brackett, for respondent.

KELLOGG, J. Whether or not the plaintiff, when this action was commenced, was the owner of a right of way across the defendant's premises, is, as I view it, the serious question in this case; and whether the plaintiff then owned such right of way depends upon the proper construction of the deed of Wiswell to Pettee, dated January 7, 1893. It seems that Wiswell deeded to the Hathorns in 1889 a small piece of land, without any outlet to the highway. That the Hathorns took with this deed a right of way by necessity is not questioned by any. That this right of way by necessity was over the "broken road," and across Wiswell's unsold land lying between the broken road and the land sold to the Hathorns, is not disputed, and *does not admit of dispute.* This deed was executed in 1889. Thereafter, so long as the Hathorns owned the property, they owned this right of way by necessity, for the necessity never ceased to exist while the property was owned by them. They sold it in 1896 to this plaintiff. In 1893 (January 7th) Wiswell conveyed to Pettee and others all his remaining

lands. Those lands included the broken road and the strip lying be‐
tween the broken road and the lands sold to Hathorn. This deed
of 1893 to Pettee and others has covenants of warranty of title and
peaceable possession, covering every portion of the land sold. The
deed has this clause:

"Subject, also, to a right of way to Emily H. Hathorn and Frank H.
Hathorn, their heirs and assigns," etc., "over the broken road, as it now
exists, to and from the lands conveyed to them by said Wiswell by deed
dated October 12th, 1899."

In view of the fact that this was identical with the right of way
which the Hathorns took by necessity with their deed of 1889, and in
view of the other fact that Wiswell was then making a deed with
covenants of warranty to Pettee of lands upon which this right of way
existed, the language here used would seem to be apt and appropriate
to save the grantor, Wiswell, from any liability upon his warranty in
respect to that right of way. If this clause had been left out, clearly
an action for breach of warranty might have been maintained by the
grantees. I discover in this no intention on the part of the grantor
to enlarge the existing rights of the Hathorns, or to compel on the
part of these grantees a recognition of any other right of way than that
which the Hathorns already possessed. Viewed in this light, the in‐
tention seems clear and reasonable, and the language used is appropri‐
ate language in which to express such intention. That the grantor,
Wiswell, so understood it, is apparent from the fact that subsequently,
in 1896, he undertook to convey to the Hathorns by deed this same
right of way. This deed of 1896 was wholly ineffectual, for it is ap‐
parent that after the deed to Pettee, in 1893, Wiswell had no freehold
interest to convey. The clause referred to, inserted in the Pettee
deed, is in no sense a reservation of anything to the grantor. It is
not a conveyance with an exception of anything. It conveyed the
entire interest of Wiswell, "subject" to the right of way possessed
by the Hathorns. Certainly what Pettee did not get, the Hathorns
got; and what the Hathorns did not get, Pettee got. By this deed
Wiswell devested himself of the entire freehold. He had thereafter
nothing to convey. The deed must be taken as it reads, so far as
Wiswell is concerned, and, so far as the Hathorns are concerned,
must be read in the light of prior grants and the right of way by
necessity thereto attaching. I do not see how the Hathorns can claim
to have taken anything under this clause. It was simply a recognition
of an existing right confirmed in them by their deed from Wiswell in
1889,—a right of way by necessity. The Hathorns must resort to this
deed, and so must the plaintiff, for any title to a right of way other
than the way necessity brings them. To construe this deed to Pettee
otherwise than as a recognition of the right of way by necessity then
possessed by the Hathorns, and the clause referred to other than as
a prudential clause to protect the grantor against his warranty to
Pettee, would do violence to the apparent intention of the parties, read
in the light of existing facts and the language used. Under the prin‐
ciple of Lawrence v. Fox, 20 N. Y. 268, it has been held that a
stranger to the contracting parties may, in a proper case, take a
benefit, though not a party, or privy to a party, to the transaction.

Such a case is Hay v. Knauth, 36 App. Div. 612, 55 N. Y. Supp. 680; but it must appear that there was a legal or grave moral obligation resting upon the promisee towards such stranger at the time of the transaction. The rule in such cases is stated in Durnherr v. Rau, 135 N. Y. 222, 32 N. E. 50:

"It is not sufficient that the performance of the covenant may benefit a third person. It must have been entered into for his benefit, or at least such benefit must be the direct result of performance, and so within the contemplation of parties; and, in addition, the grantor must have a legal interest that the covenant be performed in favor of the party claiming performance."

In this case, even if we could reasonably interpret this clause in the Pettee deed as intending to enlarge the rights or benefits of the Hathorns over what they then possessed, there is no obligation, moral or legal, shown to exist in Wiswell to do so. The grantor had no legal interest in the performance of this implied covenant. The Hathorns had taken all they had bargained for by their deed of 1889. There was no obligation resting on Wiswell to give them more. That being the case, the Hathorns could not resort to the Pettee deed for any new or enlarged right, even if the deed clearly expressed an intention to give them any new or enlarged right.

As to the right of way by necessity .which the Hathorns took with their deed of 1889, this continued in them and in their grantees until the necessity no longer existed. It seems this Hathorn piece was cut off from access to the highway by the so-called Shonts property. The plaintiff, long prior to the commencement of this action, purchased the Shonts property, and secured access to the highway over its own lands. The Hathorn property and the Shonts property joined, and thereafter the necessity for crossing the lands of defendant and along the broken road ceased to exist, and the right to so cross vanished with the necessity. In Palmer v. Palmer, 150 N. Y. 147, 44 N. E. 967, 55 Am. St. Rep. 653, the court says:

"A right of way of necessity over the lands of a grantor, in favor of a grantee and those subsequently claiming under him, is not, however, a perpetual right of way, but continues only so long as the necessity exists."

I am of opinion, therefore, that the plaintiff at the time of commencing this action was not the owner of any right of way across the lands of defendant, or along the broken road, as that road is also privately owned by defendant. This was obviously the opinion of the plaintiff, also, from 1896 to 1901, during which time it leased from defendant the right it now seeks to take with the aid of a court of equity.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur, except SMITH and FURSMAN, JJ., who dissent.