# 𝕷𝖆𝖜 𝖆𝖓𝖉 𝕰𝖖𝖚𝖎𝖙𝖞

IN THE

# SUPREME COURT

OF THE

# STATE OF NEW YORK.

In the matter of widening Bushwick Avenue in the city of Brooklyn.

48b  9
f 57ad173

48b  9
58ad599

In laying out a street, lands may be taken to be used for the purposes of court yards only by the owners of lots of which they form a part; and other premises may be assessed for the expense.

The report of the commissioners, awarding damages for land taken, will not be sent back for correction because of the inadequacy of the awards, unless it appears that there was an error in the principle upon which the commissioners proceeded in making the awards.

APPEAL from an order made at a special term, confirming the report of commissioners of estimate in proceedings for widening Bushwick Avenue, in the city of Brooklyn. The following opinion was delivered at the special term.

SCRUGHAM, J. It is objected, that awards have been made for the land which by the act is to be set apart and used for court yards. The right of the owner to use this land for any

other purpose is taken from him, and some compensation should be made to him for this deprivation. The commissioners, in making their awards, in such cases, should have considered the interest in this land which was left in the owner, and should have awarded to him a smaller amount than would have been their award had the act contained no such provision in regard to these lands. I find no evidence that they have acted on a different principle : on the contrary, comparison between the awards made by them for the land taken north of Wall street and those made for the lands taken south of Wall street, clearly shows that their awards were made upon the correct principle, in this respect.

It is also objected, that the owners of lands to be assessed for this improvement ought not to be required to pay for the land which is to be set apart for court yards, as that property is not taken for public use, but for private use. This, however, is not so, as the land is taken for a public purpose, to widen the street.

The object and public benefit of widening a street is not only to render it more convenient for travel, but to beautify it, and by thereby making the unoccupied property fronting on it more desirable for residences, to induce its settlement and the erection of valuable buildings upon it ; and the security of the public health in the locality through which the street passes, may also, I think, be considered an advantage of its widening.

It is also evident that the width of Bushwick Avenue, between Wall street and the city line, was established at one hundred and twenty feet to secure these advantages, rather than to promote the convenience of travel over it, not only from the provision in reference to court yards, but also from the fact that its width is fixed at but eighty feet in that part of its route where the travel over it is, and is likely to continue to be, most extensive ; and they are as effectually attained by allowing twenty-feet to be used for court yards and preventing the erection of buildings thereon, as they would

In the matter of Bushwick Avenue.

be if the whole width was open for public travel. The effect of the act in reference to these strips of land of twenty feet in width on each side of the avenue, is to take from the owners the right to erect buildings upon them, or to use them for any other purpose than for court yards; and as, in their estimate, the commissioners have considered and deducted the value of the rights left in the owners, the persons assessed for the improvement will only be required to pay for what is actually taken.

An order may be entered, confirming the report.

An appeal was taken from the order entered upon the above decision, to the general term, which was argued by

*George Thompson* and *Charles N. Black,* for the appellants, and

*Sidney V. Lowell,* (asst. corp. counsel,) for the corporation.

The following opinion was delivered at the general term.

*By the Court,* J. F. BARNARD, J. Unless the commissioners proceeded upon an erroneous principle, it is not possible to review their determination upon questions of value and damages. This is a necessary rule and well settled. (*Matter of Central Park,* 16 *Abb.* 56. *Matter of Freeman Street,* 17 *Wend.* 649. *Troy and Boston R. R.* v. *Lee,* 13 *Barb.* 169.)

A report of commissioners like these is never sent back, whatever may be the number of witnesses who differ in their estimates from the commissioners in their opinions as to the damages. (*Matter of William and Anthony Streets,* 19 *Wend.* 678.) I do not find in the report any evidence of an erroneous principle of assessment. It is claimed by the counsel for Staats, that no damages were given for two of his cellars, which will be thrown under the street as widened, but so far

under that ·the grading of the street will not destroy them. This would, I think, be erroneous, if it so appeared by the report. It does not so appear. The damage is reported as given for buildings and cellars. I cannot assume that this money to compensate Staats for any thing less than for all his (Staats) cellars, which will be by this opening thrown into the street. The taking of twenty feet on each side of the avenue, and the appropriation of the same as court yards *only*, is such a taking as will justify an appraisement of damages therefor. A dominion is asserted over this land by the public, to the extent of depriving the owner of his right to use and enjoy the same for any other purpose than a court yard.

It is so far taken for public use, and is a subject for compensation. The report shows that· the commissioners estimated such lands at much less than lands actually thrown into the street.

I do not find any errors or omissions in the proceedings preliminary and subsequent to the report.

The order should be affirmed.

[ORANGE GENERAL TERM, September 11, 1865. *Brown, Lott* and *J. F. Barnard*, Justices.]