SAMUEL J. HAIGHT et al., Respondents, v. DENNIS G. LITTLE-
FIELD et al., Appellants.

1. RIGHT OF WAY — STREET AS A BOUNDARY IN DEEDS.   The owner of
different parcels, constituting together all the lands on both sides of a *cul
de sac* strip fifty feet wide, which in his deeds from a common grantor was
designated as a street, by which the parcels were bounded, and which was
so delineated on maps contained in the deeds, conveyed portions of the
lands to different persons by conveyances in which the lands were bounded
and described substantially as in the deeds to him, and in all of which the
existence of the street was recognized, and in none of which was any
intention to restrict or extinguish it expressed.   In one of the deeds by
which part of the lands came to him there was a clause to the effect that
both parties dedicated the described strip forever to the public as a public
street, contemplating its extension in the future; but it appeared that it
had never been accepted by the public authorities as a public street, and
was not used as such, but simply as a means of ingress and egress to and
from the lands along its boundaries.   The grantees, in one of the convey-
ances from such owner of all the lands, in which the conveyed premises
were bounded on the street, brought an action in equity against their
grantor and his other grantees, to prevent the obstruction of their right of
way in such street; in which action it was found that subsequent to the
grant to the plaintiffs the defendants had obstructed the street or way by
digging a ditch across it and by inclosing a portion of it with fences for
their own exclusive use.   *Held*, that the plaintiffs' conveyance and the
other conveyances mentioned, with the maps bounding the premises upon
a street, secured to the plaintiffs an easement or right of way in the strip
of land so delineated, described and recognized, and that, whether it was,
at the time of the grant to them, a public street or not, such easement or
right of way was attached as an appurtenance to the land conveyed, and
thereupon the plaintiffs acquired the right to insist at all times that the
way be kept open for the benefit of their premises.

2. RIGHT OF WAY — OBSTRUCTION IN EXISTENCE AT TIME OF GRANT.
It appeared that some of the fences, by means of which the defendants
had inclosed and appropriated some portions of the street, were in exist-
ence at the time of the plaintiffs' grant and to their knowledge.   *Held*, that
this was not material; that as the defendants had, prior to the grant to the
plaintiffs, used, possessed and owned the whole of the premises, including
the street, there was nothing in the appearance of things at all inconsis-
tent with the terms of the plaintiffs' deed, and, hence, that the plaintiffs
could insist that their rights in the street should be governed by the deed
and not by the actual physical appearances when it was made.

Reported below, 71 Hun, 285.

(Argued October 18, 1895; decided October 29, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made September 12, 1893, which modified, and affirmed as modified, a judgment in favor of plaintiffs entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Worthington Frothingham* for appellants. The referee's denial of the motion to allow defendants to amend their answer was erroneous. (Code Civ. Pro. §§ 723, 1018.) The defendants having become the owners of all the land surrounding the fifty-foot strip, could, notwithstanding the non-acceptance by the public of the dedication, maintain an easement upon the whole of the strip. (*Bank* v. *Nichols*, 64 N. Y. 74; *Welsh* v. *Taylor*, 134 N. Y. 455.) It was clearly the intention of the defendants to convey, and the plaintiffs to purchase, only the easement remaining after the modification. (*F. R. W. P. Co.* v. *Tibbetts*, 31 Conn. 165; *Jackson* v. *Hathaway*, 15 Johns. 447; *Sizer* v. *Deveraux*, 16 Barb. 160; *Whitmore* v. *Law*, 22 How. Pr. 131; 34 Barb. 515; *Van Amringe* v. *Barrett*, 8 Bosw. 357; *Lee* v. *Lee*, 27 Hun, 1; *De Peyster* v. *Mali*, 27 Hun, 439; *English* v. *Brennan*, 60 N. Y. 609; *Bank* v. *Nichols*, 64 N. Y. 65; *Augustine* v. *Britt*, 15 Hun, 395; *Tag* v. *Keteltas*, 16 J. & S. 241; *Grant* v. *Chase*, 17 Mass. 443; *Fonda* v. *Borst*, 2 Abb. Ct. App. Dec. 155; 66 N. Y. 269; 4 Hun, 498; 48 Hun, 20; 2 Abb. [N. C.] 397; 6 Daly, 359.)

*Isaac Lawson* for respondents. The trustees under the will of Stephen Van Rensselaer had the legal right under the power therein contained to create the easement claimed in this case. (*In re Sixty-seventh Street*, 60 How. Pr. 264; *Earl* v. *Mayor, etc.*, 38 N. J. L. 47.) The conveyances by the trustees of Van Rensselaer, together with the maps forming a part thereof, bounding the lots conveyed by lands described therein and delineated thereon as streets,

was a dedication of the lands so described and delineated as streets, to the use of the grantees, as such streets, and said grantees thereby acquired an easement therein of an unobstructed right of way over the whole thereof, to and from, and for the benefit of the premises conveyed. (*Cox* v. *James,* 45 N. Y. 557; *Trustees, etc.,* v. *Cowen,* 4 Paige, 510; *Bissell* v. *R. R. Co.,* 23 N. Y. 64; *Taylor* v. *Hopper,* 62 N. Y. 649; *White's Bank* v. *Nichols,* 64 N. Y. 73; *Village of Olean* v. *Steyner,* 135 N. Y. 341; *In re Opening Eleventh Avenue,* 81 N. Y. 436; *Coe* v. *Bearup,* 14 Wkly. Dig. 246; *Abendroth* v. *R. R. Co.,* 20 J. & S. 280; *Story* v. *R. R. Co.,* 90 N. Y. 122, 142, 145, 147; *Childs* v. *Chappell,* 9 N. Y. 255; *Hills* v. *Miller,* 3 Paige, 256; *Tallmadge* v. *Bank,* 2 Duer, 614; *Wetmore* v. *Story,* 22 Barb. 414; *Herman* v. *Roberts,* 119 N. Y. 37; *Baron* v. *Korn,* 51 Hun, 401; 127 N. Y. 224.) No adverse user or possession was shown which would bar or extinguish the easement. (*Welsh* v. *Taylor,* 134 N. Y. 460; *Smyles* v. *Hastings,* 22 N. Y. 217; *Bridges* v. *Wyckoff,* 67 N. Y. 133.)

O'BRIEN, J. The purpose of this action was to protect, through the judgment and decree of a court of equity, a right of way which the plaintiffs claim as appurtenant to their land, and to prevent its unlawful obstruction by the defendants. The facts which lie at the basis of the controversy have been alleged in the complaint, and found by the referee in great detail and with minute regard to every conveyance in the chain of title of both parties. The questions involved in this appeal can be sufficiently presented by a brief reference to some of the main or general facts alleged and found.

On the 23d of November, 1868, the defendant Dennis G. Littlefield became the owner, by grant from the executors of Stephen Van Rensselaer, of a parcel of land in the city of Albany which was bounded on the south by the north line of a street to be at least fifty feet wide. In the body of the conveyance was a map of the parcel, showing the boundary lines and the street on the south side. On August 1, 1870, the

same grantors conveyed to the same grantee two other parcels
of land, both of which were bounded on a street fifty feet
wide.   One of the parcels was bounded on the south by the
north line of this street, and the other on the north by the
south line of the street.   This conveyance also contained a
map which was referred to in the descriptions, and which
showed the boundary lines of the parcels granted, and between
the two parcels a street fifty feet wide was plainly delineated.
The defendant Littlefield, under these grants, became the
owner of all the lands on both sides of the street referred to,
as it was a *cul de sac* about three hundred and fifty feet in
length extending from North Pearl street to the railroad
which closed it at one end.   This way had never been
accepted by the public authorities as a public street, and was
not used as such, but simply as a means of ingress and egress
to and from the lands along its boundaries.   In the deed last
referred to, however, there was a clause inserted to the effect
that both parties to the grant dedicated this strip of land for-
ever to the public as a public street, contemplating its exten-
sion in the future beyond the railroad where it then termi-
nated.   All the defendants have some title or interest in the
lands described in the deeds referred to, which right has been
derived solely through mesne conveyances from Littlefield, in
which the lands were bounded and described substantially in
the same language as in the conveyances to him.   In all of
them the existence of the street was recognized, and in none
of them was it expressly restricted or any language used indi-
cating an intent to extinguish it in whole or in part.

On June 15, 1885, Littlefield also conveyed to the plaintiffs
a parcel of this land on the south side of the street, which is
now used by them for manufacturing purposes.   It was
bounded on the south line of this street, which in the convey-
ance is called Pleasant street, and further described as a por-
tion of the premises conveyed to Littlefield by the deed of
August 1, 1870, by the executors of Van Rensselaer.   This
conveyance and the others referred to with the maps bounding
the premises upon a street secured to the plaintiffs an easement

or right of way in the strip of land so delineated, described and recognized. Whether it was then a public street or not, this easement or right of way was attached as an appurtenance to the land conveyed, and part of the thing granted, and thereupon the plaintiffs acquired the right to insist at all times that the way be kept open and unobstructed for the benefit of their premises, and as a means of access to and from the same. It is a property right the destruction or invasion of which constitutes a ground of relief in equity. Irrespective of the rights of the public in a public street, the owners of lots bounded upon a street have, under the circumstances disclosed, a right of way as between themselves and their grantor. (*People* v. *Underhill*, 144 N. Y. 316; *Hennessy* v. *Murdock*, 137 N. Y. 317; *Lord* v. *Atkins*, 138 N. Y. 184; *Cunningham* v. *Fitzgerald*, Id. 165.) The referee has found that subsequent to the grant to the plaintiffs the defendants obstructed the street or way by the digging of a ditch across it, and by inclosing some portion of it with fences for their own exclusive use. This was an invasion of the plaintiffs' rights which equity could properly interpose to prevent or to remedy. Some of the findings of the referee, made at the request of the defendants' counsel, indicate that some of the fences, by means of which the defendants had inclosed some portion of the street and appropriated it to their own use, were in existence and upon the premises at the time of the plaintiffs' grant, and to their knowledge.

The mere fact that the defendants had obstructed the street to some extent before conveying to the plaintiffs, and that the plaintiffs, at the time of this grant, knew of the existence of such obstructions, or could have known, we do not regard as material. The plaintiffs' rights depend upon the construction of their deed, and if that instrument secured to them an unobstructed right of way they are not estopped from insisting upon such right by reason of the fact that the defendants were, at the time of the conveyance, using some part of the premises in a manner even inconsistent with the existence of the right of way now claimed. It must be

remembered that the defendants then owned the land on both sides of the street and could have extinguished the easement entirely unless there had been a dedication of it to the public, a question not now important to solve. In this condition of things the defendants conveyed to the plaintiffs, recognizing the street as the boundary and without any restrictions or qualifications in the grant upon the manner or extent of its use by the grantees. It is not claimed by way of defense that the deed does not in every respect express the intention of the parties or that there was any intention on the part of grantors or grantees to limit its effect by reason of physical appearances which the defendants had created before the conveyance in the use of the premises. If the case presented such an issue the presence of the fences on the ground at the time of the conveyance to the plaintiffs might possibly be material, as the question would then be whether the deed did not convey more than was intended. (*Taylor* v. *Hopper*, 62 N. Y. 649.) But, in view of the fact that the defendants had, prior to the grant to the plaintiffs, used, possessed and owned the whole of the premises, including the street, there was nothing in the appearance of things upon the premises at all inconsistent with the terms of the deed granting a right of way over the street, as described in the several conveyances. The plaintiffs have, therefore, under these circumstances, the right to insist that their rights in the street shall be governed by the deed and not by the actual physical appearances when it was made. It is the defendants' grant, and no equitable ground is presented for limiting its scope or construction by reason of the fact that the defendants had at the time put some part of the obstruction complained of in the street, so long as they have not acquired the right to continue it by user or adverse possession. One who acquires title by deed to an easement appurtenant to land has the same right of property therein as he has to the land. He may insist upon its use whenever occasion requires, and it is ordinarily no answer to his claim to urge that his rights under the deed are more extensive than he had any reason to expect from the situation

existing at the time it was made. The right conveyed can be defeated only by showing that it has been waived or lost in some of the ways recognized by law. ( *Welsh* v. *Taylor*, 134 N. Y. 450.) That has not been done in this case. There is evidence to sustain all the findings of the referee, and these findings warrant the judgment given.

We think there was no error in the disposition of the case in the courts below, and that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.