## COLLINS v. BUFFALO FURNACE CO.

(Supreme Court, Appellate Division, Fourth Department. May 13, 1902.)

**1. EASEMENTS—MUNICIPAL CORPORATIONS—RESERVATION OF STREET—OBSTRUCTION.**

Where the owner of land in a city constructs a road therein, and designates it as a street in a plat, laying out the tract in lots, and reserves such street in the sale of the lots, an owner of a lot so sold has an easement in the entire way so created, as against the owners of the other lots so sold, which is violated by the obstruction of the way, though the city never accepts the way as a street.

**2. SAME—OTHER MEANS OF ACCESS.**

Where a property owner has a right of way over an adjoining property, the owner of the latter property cannot excuse an obstruction of the right of way by showing that he has provided a means of access to the former property.

**3. SAME—ACTION TO REMOVE OBSTRUCTION—DISMISSAL—SALE PENDING SUIT.**

Where a portion of a manufacturing plant which is on and obstructs a way over which plaintiff has an easement is sold, pending an action to compel the removal of the obstruction in which no damage is asked, to purchasers having knowledge of the suit, it is error to dismiss the complaint on the ground that the removal of the obstructions cannot be enforced against the purchaser, as it acquires the property subject to the suit.

**4. SAME—PROOF OF DAMAGES—NECESSITY.**

A lot owner having a right of way over adjoining property, which is essential to the use and enjoyment of his property, is not required, in a suit to compel the removal of obstructions from such right of way, to show the amount of damages to his property caused by the obstruction.

**5. SAME—DAMAGES IN LIEU OF REMOVAL OF OBSTRUCTION.**

Where the removal of buildings obstructing a right of way of an adjoining property owner would cause a damage out of all proportion to the damages which will be sustained by plaintiff by the continuance of the obstruction, they may be allowed to remain, and damages be awarded to plaintiff.

**6. SAME—BURDEN OF PROOF.**

Where defendant in such action desires such relief, he has the burden of showing the facts which will authorize it.

Williams, J., dissenting.

Appeal from trial term, Erie county.

Action by Catherine Collins against the Buffalo Furnace Company to compel the removal of obstruction from a right of way. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before McLENNAN, SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

George H. Kennedy, for appellant.

Tracy C. Becker, for respondent.

SPRING, J. In the early 60's Dean and Dewey owned a large tract of land in the city of Buffalo on lot No. 192, which they caused to be plotted and subdivided into lots. Katherine street was then a public street of the city, extending southerly to lot 192, but not through any of the lands composing the Dean and Dewey tract. Upon a map which they caused to be made, and a copy of which was delivered to the plaintiff's predecessor in title with her conveyance, Katherine street

was continued through the entire tract, and four other parallel streets, each 50 feet in width, intersected it from the east, the northerly of which was Ensign street. The map does not seem to have been filed in the county clerk's office of Erie county, but it was known by several of the surveyors of the city, who had copies of it; and data from it, including its streets, were used by the city authorities for convenience in making assessments upon the tract. Katherine street was never in fact extended by the authorities, nor was Ensign street accepted by them. These two contemplated streets were, however, worked and graded up under the direction of Dean and Dewey, and were shaped and used as streets as delineated upon the map, and were "clean and clear," and passable for teams. In 1863 Dean and Dewey conveyed to Ann Collins, then the wife of James Collins, a lot fronting on Ensign street, 40 by 140 feet, for $300, and in 1865 a house was erected on the lot, which was occupied by Collins and his family until 1887, when it was burned to the ground. Collins' wife having died, he married the present plaintiff in 1869, who acquired title, and still holds it. When the land was plotted, there was a rolling mill in that vicinity west of Katherine street, and apparently the owners of the tract expected that they could sell lots to employés of that mill; but the plant discontinued its operations, and the plan did not fructify into any considerable development. In the Lovejoy-Emslie map, which is the one prepared at the instance of Dean and Dewey, the tract is plotted into lots and blocks facing the respective streets, and which are delineated as 50 feet in width, and the conveyance to Ann Collins is based upon this map, being lot 32, block A, fronting on Ensign street. The defendant's title also comes from Dean and Dewey. In 1863 these original owners conveyed to Everard Palmer and others a portion of the lands occupied by the defendant at the time of the commencement of this action, and the deeds contain this reservation:

"Excepting and reserving that Katherine street extended southerly through all the land hereby conveyed shall forever remain a public highway or street, and especially for the use of the owners and occupants and their assigns of the residue of lot 192, with the distinct and positive agreement and understanding that, upon the opening of said street as aforesaid, no claim for damages or compensation shall be made by the said parties of the second part, or by any one claiming under them, of or against either of the said parties of the first part or the city of Buffalo, for or on account of the opening thereof."

In 1863 the same grantors, by separate deeds, conveyed another portion thereof to Bronson C. Rumsey, with this reservation:

"Excepting and reserving that Katherine street as laid out upon the subdivision plan of lot 192 made September 5, 1863, Peter Emslie surveyor, shall forever remain a public highway or street."

And in another conveyance between the same parties of a portion of this land, made in 1870, the deeds recognize this map and survey, and provide also that "Ensign street shall forever remain a public highway or street." In another deed from these grantors to Edward S. Warren, executed in 1860, of the northwesterly part of lot 192, occurs the following reservation:

"Excepting a strip 50 feet wide on the northerly side of same for the exclusive use of the owners and occupants of the residue of said lot 192 as a

private way until Katherine street shall be opened as a public street or highway to the line of said lot 192."

The record does not show just when the Wadsworth Iron Works acquired title, nor are the contents of its deed given, but in 1872 it conveyed to the Union Iron Company a large tract including three parcels in lot 192, and extending on both sides of Katherine street, and makes the following reservation:

"Excepting and reserving, that Katherine street aforesaid, in the said city, extended southerly through the lands hereby conveyed, shall forever remain a public highway or street."

All of these deeds were recorded about the time they were severally executed. The defendant leased of the Union Iron Company in 1892, and continued in possession as such lessee until after the commencement of this action. It has been carrying on the manufacture of pig iron, and has erected in and across Katherine street machinery and appliances used in connection with its business. It has a hoist for elevating coal reaching entirely across the so-called street, and supported by solid brick and iron framework therein. It has constructed an open sewer running across Katherine and down Ensign in depth about two feet and from two to three feet in width. In Katherine street it has erected a water-closet, and the sewage and refuse from this and its blast furnace run along in this open sewer, and it has piled its ore in said Katherine street, and substantially obstructed it for its entire width. That it has proceeded on the assumption that it could use the land any way it desired, in disregard of the reservations creating easements, is quite obvious. When the defendant began obstructing the streets it appreciated the fact that the plaintiff possessed some rights over this land, and for a time kept a gate for her accommodation, and sought to provide for her ingress and egress. This proved quite burdensome, and for a number of years it leased her lot. Now, however, the lease has expired, and the plaintiff claims she wishes to erect a house on her lot, and brought this action to compel the defendant to remove its obstructions from the so-called streets.

Both of these parties acquired title from the same source, and the land was burdened with the easement of both in these streets for common use as delineated upon the map and set out in the conveyances. Bissell v. Railroad Co., 23 N. Y. 61; Hennessy v. Murdock, 137 N. Y. 317, 33 N. E. 330; Haight v. Littlefield, 147 N. Y. 338, 41 N. E. 696. The conduct of Dean and Dewey in setting apart these contemplated streets and providing for their use as such was, as between them and their grantees, and also among the latter, tantamount to a dedication of the streets. While acceptance was essential to constitute them public streets, yet the easement in the parties in whom it was created and in their grantees and privies was effectual, and cannot be withdrawn or infringed upon. In Haight v. Littlefield, supra, the parties had purchased from a common grantor, who had mapped the tract delineating a street 50 feet in width, and which was referred to and recognized in the conveyances. The way was never accepted by the public authorities, and had not been used as a public street. The street there contemplated was an extension, and it was in one of the conveyances dedicated for that

purpose. The court of appeals held this created an easement in the strip of land outlined as a street, adding at page 342, 147 N. Y., and page 697, 41 N. E.:

"Whether it was then a public street or not, this easement or right of way was attached as an appurtenance to the land conveyed, and part of the thing granted, and thereupon the plaintiffs acquired the right to insist at all times that the way be kept open and unobstructed for the benefit of their premises, and as a means of access to and from the same. It is a property right the destruction or invasion of which constitutes a ground of relief in equity. Irrespective of the rights of the public in a public street, the owners of lots bounded upon a street have, under the circumstances disclosed, a right of way as between themselves and their grantor."

It is urged on behalf of the respondent that a right of way adequate for the needs of the plaintiff is still provided, and that the defendant is willing to give her some sort of access to and from her lot. Mr. Baird, who was vice president of the defendant, and in charge of its works, and knew of Katherine street, testified that the defendant had used these strips of land "in any way they wanted to," and that all it endeavored to do was to provide the plaintiff "and anybody else some egress to their lot some other way." The plaintiff's rights are tangible and definite, and she is not obliged to accept a passage to her place where the defendant may elect. That came to her inseparably connected with her conveyance, and its precise location and its width belong to her as a property right. City of Niagara Falls v. Railroad Co., 41 App. Div. 93, 58 N. Y. Supp. 619, affirmed in 168 N. Y. 610, 61 N. E. 185; Village of Olean v. Steiner, 135 N. Y. 331, 32 N. E. 9, 17 L. R. A. 640. In the latter case the parties had purchased with reference to the Gosseline map, upon which a piece of land had been portrayed as a street. The court say at page 345, 135 N. Y., and page 10, 32 N. E., 17 L. R. A. 640:

"All the parties have recognized the Gosseline map, and bought and sold with reference to it, and enough is shown to establish in them a right to have the strip kept open to its full width after the manner and with the characteristics of a village street."

The case in 41 App. Div. 93, 58 N. Y. Supp. 619, supra, contains an exhaustive review and analysis of the authorities, and reasserts the doctrine that, where parties acquire title from a common grantor by separate deeds, and a well-defined easement is recognized and made a part of the conveyances, either party is "estopped * * * from successfully urging * * * that an easement common to both was not created in the strip of land * * * for its entire width." It appeared on the trial that after the commencement of the action the defendant and its lessor conveyed and transferred their property to another company, which apparently was an organization composed in part, at least, of the membership of the two corporations referred to. The plaintiff did not show any damages to her premises by reason of the interference with her easements, relying upon the right given by her conveyance. The court dismissed the complaint apparently upon the ground that no damages had been shown, and that the removal of the obstruction could

not be enforced against the present owner. No defense setting forth the transfer of title was contained in the answer, and concededly it was made during the pendency of the action. We are satisfied the court erred in dismissing the complaint. The purchaser from the defendant acquired title presumptively with full knowledge of the easements which plaintiff possessed, and it assumed the burden of removing the obstructions when it purchased. It might have been proper to suspend the trial, and require the new company to be made a party; but to dismiss the complaint and impose costs upon the plaintiff, who was properly in court, and with a cause of action on the merits, was not warranted by the facts. If she was willing to forego her damages, and be satisfied with the removal of the obstructions which interfered with the full measure of the rights vested in her by the deed, the defendant ought not to be heard to complain. It certainly was no reason for dismissing her complaint, and saddling upon her a bill of costs. Nor was it incumbent upon the plaintiff to show the decrease in value to her lot by reason of the cutting off of her easements over this strip of land. The loss of a fixed road to and from her land was obviously a valuable right, and to measure it in dollars and cents was unnecessary. When it is apparent that nominal damages only have been sustained, then equity in certain cases may not retain jurisdiction solely for the purpose of awarding them, where the chief relief sought cannot be granted. Here, however, approach to the lot is essential to its use and enjoyment; and, if that access is by an unmistakable way, the more profitable, inevitably, must be that use than if dependent upon the caprice of the one who is responsible for obstructing the easement. The plaintiff made a case on the principal ground, and the damages were merely an incident. If to cause the defendant to remove these obstructions is out of all proportion to the damages which would be sustained by the plaintiff because of the blocking up of her right of way, then it may be the court, in its discretion, might award damages in lieu of imposing upon the defendant the large expense which the removal of such obstructions would entail. If the defendant desired any such relief, however, the burden was upon it to show the facts which would justify the court in adopting that course. The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur except WILLIAMS, J., who dissents.