## WEED v. McKEG.

(Supreme Court, Appellate Division, Third Department.　January 14, 1903.)

1. ALLEYS—RIGHT OF WAY—PROJECTIONS OVER—EXCAVATION—INJUNCTION.

Plaintiff owned a lot to the west and another to the north of an alley through which by deed he was granted the right of way; he "to have free and perfect egress and ingress thereto for the benefit of said adjoining lots, west and north of said alley." Defendant constructed an addition to his store, standing east of the alley, which extended over it at the height of 9 feet from the ground for the front 15 feet, and then dropped 4 feet, extending at that height to the rear of his store, and was excavating the alley so that the ground should be 9 feet below this lower projection. *Held*, that such projection and excavation constituted an unlawful trespass on plaintiff's rights, and should be enjoined.

2. SAME—ACQUIESCENCE IN PROJECTIONS—ESTOPPEL.

Where at the time defendant commenced constructing an addition to his store, projecting over an alley through which plaintiff had the right of way, plaintiff's son and partner protested, and was told that if he did not like it he could go to law, and within a week thereafter plaintiff obtained and served an injunction restraining the work, there was no such silent acquiescence as would estop him from maintaining the action.

3. SAME—ADDITIONAL BURDENS—EVIDENCE.

Evidence in an action to enjoin the obstruction of an alley examined, and *held* that it did not appear that plaintiff had burdened his right of way beyond the right given to him in his grant.

4. SAME—NONUSER—ABANDONMENT.

Where by deed the grantee, his heirs and assigns, were granted "free and perfect egress and ingress" over an alley, the existence of an archway 9 feet in height over the alley would constitute a mere nonuser, but not an abandonment, by the grantee, of the way above such height, and would not preclude him from insisting on a greater height whenever his necessities and convenience demanded.

5. SAME—BUILDING OVER—HEIGHTS.

Where a superstructure is being built over an alley through which a right of way has been granted to an adjoining owner, it should be required to be constructed at such height as not to interfere with the most convenient use of the way by such grantee; the height to be determined as a question of fact.

Appeal from special term, Schuyler county.

Action by Mason M. Weed against Joseph T. McKeg. From a judgment dissolving an injunction, plaintiff appeals. Reversed.

This action is brought for a mandatory injunction to compel the defendant to remove certain structures which are claimed to be unlawful obstructions of a right of way which plaintiff claims over the lands of the defendant. Plaintiff is the owner of a store property in the village of Mountour Falls. The property has about 40 feet frontage on Main street on its south, and extends north about 132 feet. After the purchase of this property, plaintiff purchased further property to the north of this property, which is about 44 feet in width, and extends further north about 102 feet. The 4 feet additional width lies just north of the right of way in question. The defendant is the owner of a store property just east of the plaintiff's property, between whose store and the plaintiff's is an alleyway about 9 feet in width, running northerly to another alleyway about 12 feet in width, which runs east and west. Over this alley the plaintiff has right of way, which was originally granted to plaintiff's grantors in the following words:

"The right of way through an alley leading from Main street in Havana, Schuyler county, N. Y., north to the lands of William Skellinger, deceased.

---

¶ 1. See Easements, vol. 17, Cent. Dig. §§ 123, 135.

Said alley is situate west of the lot and store bought of Robert B. Beebe, and now occupied by party of the first part, and parallel with said lot. Said alley to be kept open nine feet wide from front to rear, and the second party, their heirs, assigns, and grantees, to have free and perfect egress and ingress thereto for the benefit of said adjoining lots west and north of said alley."

The lot west of said alley was the lot upon which is the plaintiff's store fronting on Main street. The lot north of said alley appears to have been the lot subsequently purchased to the north of plaintiff's store, which has been mentioned as about 44 feet in width. In May, 1901, the defendant erected a structure which was an addition to his store over this alleyway. This structure is so erected that at the front line of the buildings the lower edge thereof is about 8½ feet above the level of the sidewalk. The defendant has excavated, however, from the line of the buildings about 4 feet out into the sidewalk, and has taken off about nine-tenths of a foot at the line of the buildings; making the headway, as it at present stands, about 9 feet. This height continues for about 15 feet back, when the structure drops 4 feet. The defendant has excavated from the alley, and drawn dirt and refuse therefrom, so that in this 15 feet there is a descent of about 4 feet. At the time of the trial, where this structure was lowered, the structure was about 8½ feet above the surface of the alleyway after it had been excavated. The descent, therefore, to the back of the alleyway, is slight. The intent of the defendant was shown to be to make such excavation as to leave a 9-foot space between the bottom of the alleyway and the structure, and from executing this intent he was stopped by the temporary injunction served herein. From the point where the structure drops 4 feet in the alley, it is erected at the same level to the back of the stores occupied by the defendant and by the plaintiff. The erection of this structure so near to the ground and the excavation of this alleyway are what the plaintiff here has sought to enjoin. The trial court dismissed the complaint, and from the judgment entered upon that direction this appeal has been taken.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, FURSMAN, and CHESTER, JJ.

Baldwin & Baldwin (E. J. Baldwin, of counsel), for appellant.
Owen Cassidy, for respondent.

SMITH, J. In Herman v. Roberts, 119 N. Y. 37, 23 N. E. 442, 7 L. R. A. 226, 16 Am. St. Rep. 800, Chief Judge Ruger, in writing for the court, says:

"The conveyance of the right of way unquestionably gave the grantee not only a right to an unobstructed passage at all times over the defendant's land, but also all such rights as were incident or necessary to the enjoyment of such right of passage. The grantee thus acquired the right to enter upon the land and construct such a roadbed as he desired, and to keep the same in repair. He could break up the soil, level irregularities, fill up depressions, blast rocks, and not only remove impediments, but supply deficiencies, in order to constitute a good road. * * * Under these rules, it is obvious that the rights of the owner of the easement are paramount, to the extent of the grant, and those of the owner of the soil are subject to the exercise of such rights. It cannot be assumed, in the absence of any provisions looking thereto in the grant, that the grantor intended to reserve any use of the land which should limit or disturb the full and unrestricted enjoyment of the easement granted. * * * Every use by the owner was abandoned, except such as might be made in a mode entirely consistent with the full and undisturbed enjoyment by the grantee of the easement."

In Welsh v. Taylor, 134 N. Y. 450, 31 N. E. 896, 18 L. R. A. 535, the rule is stated in the headnote as follows:

"Mere nonuser, however long continued, does not create an abandonment. To accomplish this, there must be in connection with the nonuser facts and

circumstances showing an intention on the part of the owner of the easement to abandon it. Where the easement is a right of way which is obstructed by a building thereon, to estop the owner of the easement from asserting his rights it is essential to prove that the person erecting the building was induced to do so by the conduct or language of said owner. The mere erection and continuance of a gate across a right of way by one of several having an easement therein is no evidence of abandonment by the co-tenant, in the absence of evidence that the gate was used to exclude him, nor is it evidence of any adverse claim on the part of the one erecting it; and acquiescence in the existence of the gate is not prejudicial to the rights of the co-tenant, unless an adverse claim is brought to his knowledge."

In Conabeer v. Railroad Co., 156 N. Y. 474, 51 N. E. 402, the opinion of the court reads:

"Where a right is obtained by prescription, the measure of the right is controlled by the extent of the use. But where, as in this case, there is an express grant, the fact that the grant, to its fullest extent, is not immediately used, will not amount to an abandonment or waiver of the rights thus expressly granted."

In Haight v. Littlefield, 147 N. Y. 343, 41 N. E. 696, the court says in its opinion:

"One who acquires title by deed to an easement appurtenant to land has the same right of property therein as he has to the land. He may insist upon its use whenever occasion requires, and it is ordinarily no answer to his claim to urge that his rights under the deed are more extensive than he had any reason to expect from the situation existing at the time it was made. The right conveyed can be defeated only by showing that it has been waived or lost in some of the ways recognized by law."

The authorities cited are sufficient to define the rights of the plaintiff in this right of way. Not only has he the right of free egress and ingress thereover; he has also the right of entry to "construct such a roadbed as he desires, and to keep the same in repair." He has the right "to supply deficiencies in order to make a good road." He has the right, then, to fill in and level up that roadway so as to make an easy grade from the back of the store to the highway, and this right of his is paramount to any right which the defendant may have in the premises. It is apparent, therefore, that the defendant was unlawfully trespassing upon his rights when he made the excavations in the alleyway, and when he placed a superstructure over said alleyway so as to interrupt the free ingress and egress if the alleyway should have been leveled and graded to make the passageway the most useful to the plaintiff.

The defendant, however, urges that the plaintiff should not be allowed to maintain this action, on the ground that the structure was erected in his presence and without his protest. But the evidence is wholly insufficient to sustain the defense of an estoppel. The proof is that the building was commenced some time in May,—as one of the witnesses says, he thinks about the 10th or the 15th. The plaintiff's son and partner protested, and was told that, if he did not like it, he could go to law. The action was commenced and the injunction herein served upon the 17th of May. There is no proof whatever of any silent acquiescence in this construction for any period which could, in equity, foreclose the plaintiff from now making his objection, nor of any reliance of defendant thereupon.

It is further urged that the plaintiff is burdening this easement with a burden greater than the right granted him, on the ground that it is used for the benefit of a structure upon the lot north of his main store. It will be noticed that the easement was granted, in terms, "for the benefit of said adjoining lots west and north of said alley." The objection is made, however, that there is no proof that the grantee in that deed was the owner of this lot north of the alley, which is now owned by the plaintiff. While the evidence is not as clear as it might be, nevertheless I think that this fact may be fairly inferred. The grant was made to the Skellinger heirs, and there was a concession upon the record that this lot north of the alley, from which is claimed to come the additional burden placed upon this easement, was the property of the Skellinger heirs originally; and there is further evidence by the witness Brown that this lot was owned by the Skellinger heirs. The record discloses no objection made upon the trial by the defendant's counsel that the easement was subject to any additional burden. Nor is any such claim made in the defendant's answer. It is difficult to see how, if it were true, it could affect the plaintiff's right to the right of way needed for the property west of the alley, to which burden the right of way is confessedly subject. I can find in the evidence no proof that this right of way has been by the plaintiff burdened in any way beyond the right given to him in the grant.

Again, it is urged on behalf of the defendant that for 20 years and upwards an archway had existed over this right of way, which was only 9 feet in height, and that this constituted an acquiescence in this height as the measure of the plaintiff's necessities. The evidence is disputed as to the exact height of that archway. But whatever may have been its height seems to me immaterial. The failure to use the right of way to a greater height could only be a nonuser, which has in it none of the elements of an abandonment, and which can in no way preclude the plaintiff from insisting upon a greater height whenever his necessities and conveniences demand. If plaintiff now suffers this superstructure to remain, an adverse user will have started, which in time will ripen into a title which would constitute a legal limitation of the plaintiff's rights.

It would seem quite evident that such a structure as has been here erected would be wholly insufficient to meet such necessities and conveniences of the plaintiff, as might reasonably be anticipated. There is evidence of a partial obstruction to the plaintiff's use as required by present necessities. This the court will not permit. Nor will the court permit a structure to be placed over this right of way which may hereafter become an obstruction to any future use which may reasonably be anticipated. The right of way, by the terms of the grant, was liberal. Plaintiff's grantors, their heirs and assigns, were to have "free and perfect egress and ingress" thereover. There was no limitation of the use. This right, which has been called by the court a "paramount right," the court will not measure by inches. Nor will the court measure the height of plaintiff's wagons, or the height of each particular load that he may have occasion to take over this particular right of way. The structure should be built so high as to admit of a grading of that right of way so as to make most convenient the passage

of loads thereover, and of loads possibly higher than those plaintiff has heretofore taken.    Part of plaintiff's business was the manufacture and sale of furniture.    On our streets are commonly seen furniture vans which are higher than 9 feet.    Plaintiff may sell his property to one whose business will demand a still higher headway.    Superstructures over rights of way are not usually built below the second floor.    Such a structure in the case at bar would give a liberal interpretation to the rights of the plaintiff, which the law accords.    The exact height that should be prescribed in this case we do not assume here to determine.    That is always a question of fact, to be determined from the exigencies of each particular case.    In the case at bar it must be left to the trial court upon a retrial of this action, to which we think the plaintiff is entitled.

Judgment reversed on law and facts, and new trial granted, with costs to appellant to abide event.  All concur.