ALLEN v. LESTER et al.

(Supreme Court Appellate Division, Fourth Department. March 10, 1903.)

1. DEEDS—PRIVATE WAY—RESERVATION—CONSTRUCTION.

Where a deed of a portion of lands belonging to the grantor provides that the grantees shall dedicate a strip of the land between a street and remaining land of the grantor, "for the purposes and use of a public highway and street," no intention to create a private way appurtenant to the grantor's premises is shown.

2. SAME—DEDICATION OF WAY—REFUSAL.

Where a deed of a portion of the premises of the grantor provided that the grantees should dedicate a strip 20 feet in width, "for the purposes and use of a public highway," which strip would reach from the highway to the remaining lands of the grantor, and the grantees made an offer of dedication, which was not accepted, the grantor had a right, in common with the public, to use the strip as a highway as a means of access and egress.

3. SAME—APPURTENANT EASEMENT.

The right became, in effect, appurtenant to the remaining premises, and passed to a subsequent grantee, thereof.

Appeal from Equity Term, Erie County.

Suit by Daniel W. Allen against Garra K. Lester and another. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before ADAMS, P. J., and McLENNAN, WILLIAMS, HISCOCK, and NASH, JJ.

Levant D. Lester, for appellants.

H. B. Butterfield, for respondent.

ADAMS, P. J. Prior to June 24, 1901, the plaintiff, Allen, was the equitable owner, under a contract of purchase from one Maurice H. Osborne, of a parcel of land consisting of 15 acres, situate in the town of Hamburg, in the county of Erie. This land was bounded on the north by the center of Maple avenue, otherwise known as "Old Mile Strip"; on the east by lands of the Hamburg Electric Railroad Company; on the south by lands of Adelaide Bristol; and on the west by the easterly line of the right of way of the Buffalo & Southwestern, or Erie, Railway Company. On the day first above mentioned the plaintiff entered into a written contract of sale with the defendant Lester, for a portion of such lands, which, in the description thereof, was said to contain "two and one-half acres of land, exclusive of that portion of the above tract lying inside the bounds of Maple avenue and a twenty-foot strip off the easterly side of the above tract," and subsequently Lester assigned an interest in this contract to his codefendant, Danser. On the 1st day of July following, Osborne, at the request of the plaintiff, who had not yet obtained title to any portion of the premises under his contract, conveyed the 2½ acres to the defendants, and the deed thereof contained the following provision, viz.:

"The parties of the second part as part consideration of the above conveyance to them, hereby grant and dedicate the said strip of land twenty (20) feet in width off the easterly side of the above tract for the purposes and use of a public highway and street."

Subsequently, and on the 24th day of September, 1901, in partial fulfillment of his contract with the plaintiff, and at the latter's request, Osborne conveyed to the Hamburg Railway Company another portion of the premises mentioned in the contract, lying south, of and contiguous to the parcel conveyed to the defendants, and containing about five acres of land. This conveyance was subject to the following reservation, as therein expressed, viz.:

"Excepting and reserving therefrom a right of way twenty feet in width next adjacent to the right of way of the Hamburg Railway Company, which right of way is to be appurtenant to the lands of the first party not hereby conveyed and is subject to be crossed by such tracks of the Hamburg Railway Company as shall be by it deemed needful for access to its remaining premises."

Thereafter, and on the 14th day of June, 1902, in complete fulfillment of his contract with the plaintiff, Osborne conveyed to the latter the remaining portion of the 15 acres, the deed thereof containing the usual clause as to appurtenances, but no specific reference to the "twenty-foot strip." Upon receiving their deed the defendants entered into possession of the premises therein described, and in fulfillment of their covenant made a formal offer in writing to the village of Blasdell, as well as to the town of Hamburg, in which village and town the "twenty-foot strip" was situated, to dedicate the same for the purposes of a street or highway, which offer was duly declined, for the reason that the strip was too narrow for highway purposes; whereupon the defendants erected a fence across either end of the strip, in consequence of which the plaintiff, whose land lies south of the parcel conveyed by Osborne to the Hamburg Railway Company, while he has a right of way 20 feet in width along the easterly portion of that parcel, is prevented from using the continuation of such strip extending to Maple avenue over the defendants' premises; and this action is brought to restrain the defendants from maintaining the fences so erected by them, and to have the strip of land in question established as a right of way or public highway.

The learned trial court found as one of the facts of the case:

"That at the time of the execution and delivery of the contract of purchase and sale between this plaintiff and the defendant Lester, and of the execution, delivery, and acceptance of the deed of conveyance of the said premises, pursuant to said contract, it was the intention of the parties to said respective instruments to create a right of way upon and over the said twenty-foot strip of land, appurtenant to the remainder of the said premises, purchased by the said plaintiff of the said Maurice R. Osborne, as hereinbefore stated."

If, as seems to be the contention of the plaintiff's counsel, this finding is to the effect that it was the intention of the parties to create and establish a private right of way for the benefit of and appurtenant to the plaintiff's premises, we are at a loss to see where it finds sufficient support in the evidence. In the deed to the Hamburg Railway Company, which was executed at the request of the plaintiff, care was taken to reserve a strip off the eastern boundary of the premises conveyed, 20 feet in width, for a right of way, which right was expressly declared to be appurtenant to other lands of the grantor. This certainly was a clear and explicit declaration of the inten-

tion of the parties to establish a right of way over this particular parcel of land, and as the remaining premises were subsequently conveyed to the plaintiff, together with all the appurtenances thereunto belonging, he undoubtedly obtained the right to an easement over the land belonging to the railway company; but there was no such reservation in the defendants' deed, nor did it contain any language, so far as we can discover, to indicate that a private right of way was within the contemplation of the parties. It simply provided that the grantees named therein should dedicate a strip of land 20 feet in width "for the purposes and use of a public highway and street." It is true that the plaintiff, on his cross-examination, testified that he told the defendant Lester in substance, either at or prior to the time of the execution of the contract with him, that he owned the entire strip, and would require a way out; but this is denied by Lester, who says that when he signed the contract he did not know that the plaintiff owned or had any interest in the lands in question other than the 2½-acre parcel purchased by him (Lester); but, however that may be, the fact remains that no such reservation was made, and that Maple avenue is inaccessible to the plaintiff under existing conditions, unless he can force the defendants to keep the strip open and unobstructed as and for a public highway, notwithstanding the same has been refused by the village and town, to one or both of which the same was, and must necessarily have been, dedicated.

We proceed, therefore, to a brief consideration of what we deem the vital question in the case. The language of the defendants' deed to which attention has been directed was not a mere condition. It was something more than that. It was in the nature of an express covenant to dedicate for public highway purposes a portion of the premises embraced in the deed, and such covenant was made and accepted as a part of the consideration for the conveyance; so that, so far as Osborne, the grantor, is concerned, it may be said that he parted with his land upon the faith and understanding that his grantees would open up this strip of land to the public, and thereby furnish him a means of access to Maple avenue from his remaining lands. In other words, he acquired a right, in common with the general public, to use this strip forever as a public highway, and to insist that it be kept open and unobstructed at all times for the benefit of his premises, and as a means of access to and egress from the same, even though the dedication thereof might not be accepted by the proper local authorities; and, if this be so, then it would seem to follow that such a right became in effect appurtenant to his remaining premises, and as such passed to the plaintiff as his grantee. Haight v. Littlefield, 147 N. Y. 338, 41 N. E. 696. The facts of this case are somewhat different from those of the one cited, but we do not see why they are not analogous in principle, or why the same rule should not obtain in a case where a grantee, as part consideration of the grant, expressly agrees to open and maintain a public highway, as in one where the grantor describes the lands conveyed as bounded upon a strip of land designated in the deed as, but which in fact was not, a public highway. In either case an easement or

public right of way was attached as an appurtenance to the land conveyed, and in both cases such easement constituted a property right, for the invasion of which a court of equity is able to furnish relief. Haight v. Littlefield, supra.

We have examined the exceptions taken during the progress of the trial, and as they do not, in our opinion, present prejudicial error, we conclude that the judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur.