MASON N. WEED, Appellant, *v.* JOSEPH T. McKEG, Respondent.

*Right of the owner of the fee of an alley — objection of a person, having an easement therein, to a structure leaving nine feet of headway — what is not an acquiescence therein.*

The fee of an alleyway running north and south, which divided two buildings used as stores, was in the owner of the easterly store, but was subject to a right of way in the owner of the westerly store, which required "said alley to be kept open nine feet wide from front to rear, and the second party,† their heirs, assigns and grantees to have free and perfect egress and ingress thereto for the benefit of said adjoining lots west and north of said alley." The owner of the easterly store erected an addition to his store over the alleyway, the lower edge of which addition was about eight and a half feet above the level of the sidewalk at the front line of the building. This height continued for about fifteen feet back when the addition dropped four feet. He also excavated the alleyway in such a manner as to leave about eight and one-half feet (which he intended to make nine feet) of headway between the surface of the alley and the bottom of the addition.

In an action brought by the owner of the westerly lot to enjoin the erection of the addition so near the ground and the excavation of the alleyway, it was

*Held,* that the plaintiff not only had the right of free ingress and egress over the alley, but had also a right to enter thereon to construct such a roadbed as he desired and to keep the same in repair and to supply deficiencies in order to make a good road;

---

* Laws of 1890, chap. 568, § 16.          † *Sic.*

That he had the right to fill in and level up the alleyway so as to make an easy
grade from the back of the store to the highway, and that this right was para-
mount to any right which the defendant had in the premises;

That when the defendant made the excavations in the alleyway and placed a
superstructure over the alleyway which would interrupt the free ingress and
egress of the plaintiff, if the alleyway should be so graded and leveled as to
make the passageway the most useful to the plaintiff, he unlawfully trespassed
upon the plaintiff's rights;

That the fact that for upwards of twenty years prior to the building of the addi-
tion an archway had existed over the right of way, which was only nine feet
in height, did not constitute an acquiescence in this height as the measure of
the plaintiff's necessities which would prevent him from insisting upon a
greater height whenever his necessity and convenience demanded it;

That, if the defendant desired to build an addition over the alleyway, he should
have built it far enough from the ground to admit of the alley's being so
graded as to make it most convenient for the passage of loads thereover and of
loads possibly higher than the plaintiff had theretofore taken.

APPEAL by the plaintiff, Mason N. Weed, from a judgment of
the Supreme Court in favor of the defendant, entered in the office
of the clerk of the county of Schuyler on the 31st day of January,
1902, upon the decision of the court, rendered after a trial at the
Schuyler Special Term, dissolving an injunction theretofore granted
in the action and dismissing the plaintiff's complaint.

This action is brought for a mandatory injunction to compel the
defendant to remove certain structures which are claimed to be
unlawful obstructions of a right of way which plaintiff claims over
the lands of the defendant. Plaintiff is the owner of a store prop-
erty in the village of Montour Falls. The property has about 40
feet frontage on Main street on its south, and extends north about
132 feet. After the purchase of this property, plaintiff purchased
further property to the north of this property, which is about 44
feet in width and extends further north about 102 feet. The 4
feet additional width lies just north of the right of way in question.
The defendant is the owner of a store property just east of the
plaintiff's property, between whose store and the plaintiff's is an
alleyway about 9 feet in width, running northerly to another
alleyway about 12 feet in width, which runs east and west. Over
this alley, the fee of which is in the defendant, the plaintiff has a
right of way, which was originally granted to plaintiff's grantors
in the following words: "The right of way through an alley
leading from Main street in Havana, Schuyler County, N. Y.,

north to lands of the heirs of William Skellenger, deceased. Said alley is situated west of the lot and store bought of Robert P. Beebee and now occupied by the parties of the first part and parallel with said lot; said alley to be kept open nine feet wide from front to rear, and the second party,* their heirs, assigns and grantees to have free and perfect egress and ingress thereto for the benefit of said adjoining lots west and north of said alley." The lot west of said alley was the lot upon which is the plaintiff's store, fronting on Main street. The lot north of said alley appears to have been the lot subsequently purchased to the north of plaintiff's store, which has been mentioned as about forty-four feet in width. In May, 1901, the defendant erected a structure which was an addition to his store over this alleyway. This structure is so erected that at the front line of the buildings the lower edge thereof is about eight and one-half feet above the level of the sidewalk. The defendant has excavated, however, from the line of the buildings about four feet out into the sidewalk and has taken off about nine-tenths of a foot at the line of the buildings, making the headway as it at present stands about nine feet. This height continues for about fifteen feet back, when the structure drops four feet. The defendant has excavated from the alley and drawn dirt and refuse therefrom so that in this fifteen feet there is a descent of about four feet. At the time of the trial, where this structure was lowered the structure was about eight and one-half feet above the surface of the alleyway after it had been excavated. The descent therefrom to the back of the alleyway is slight. The intent of the defendant was shown to be to make such an excavation as to leave a nine-foot space between the bottom of the alleyway and the structure, and from executing this intent he was stopped by the temporary injunction served herein. From the point where the structure drops four feet in the alley it is erected at the same level to the back of the stores occupied by the defendant and by the plaintiff. The erection of this structure so near to the ground and the excavation of this alleyway are what the plaintiff here has sought to enjoin. The trial court dismissed the complaint, and from the judgment entered upon that direction this appeal has been taken.

---

* *Sic.*

*E. J. Baldwin,* for the appellant.

*Owen Cassidy* and *C. M. Woodward,* for the respondent.

SMITH, J. :

In *Herman* v. *Roberts* (119 N. Y. 37) Chief Judge RUGER in writing for the court says : " The conveyance of the right of way unquestionably gave the grantee not only a right to an unobstructed passage at all times over the defendant's land, but also all such rights as were incident or necessary to the enjoyment of such right of passage. * * * The grantee thus acquired the right to enter upon the land and construct such a roadbed as he desired and to keep the same in repair. He could break up the soil, level irregularities, fill up depressions, blast rocks, and not only remove impediments but supply deficiencies in order to constitute a good road. * * * Under these rules it is obvious that the rights of the owner of the easement are paramount to the extent of the grant, and those of the owner of the soil are subject to the exercise of such rights. It cannot be assumed, in the absence of any provisions looking thereto in the grant, that the grantor intended to reserve any use of the land which should limit or disturb the full and unrestricted enjoyment of the easement granted. * * * Every use by the owner was abandoned except such as might be made in a mode entirely consistent with the full and undisturbed enjoyment by the grantee of the easement."

In *Welsh* v. *Taylor* (134 N. Y. 450) the rule is stated in the head note as follows : " Mere non-user, however long continued, does not create an abandonment ; to accomplish this, there must be in connection with the non-user, facts and circumstances showing an intention on the part of the owner of the easement to abandon it. Where the easement is a right of way which is obstructed by a building thereon, to estop the owner of the easement from asserting his rights it is essential to prove that the person erecting the building was induced so to do by the conduct or language of said owner. The mere erection and continuance of a gate across a way by one of several having an easement therein is no evidence of abandonment by a co-tenant, in the absence of evidence that the gate was used to exclude him ; nor is it evidence of any adverse claim on the part of the one erecting it, and acquiescence in the existence of

the gate is not prejudicial to the rights of the co-tenant, unless an adverse claim is brought to his knowledge."

In *Conabeer v. N. Y. C. & H. R. R. R. Co.* (156 N. Y. 474) the opinion of the court reads : " Where a right is obtained by prescription the measure of the right is controlled by the extent of the use. But where, as in this case, there is an express grant, the fact that the grant to its fullest extent is not immediately used will not amount to an abandonment or waiver of the rights thus expressly granted."

In *Haight v. Littlefield* (147 N. Y. 343) the court says in its opinion : " One who acquires title by deed to an easement appurtenant to land has the same right of property therein as he has to the land. He may insist upon its use whenever occasion requires, and it is ordinarily no answer to his claim to urge that his rights under the deed are more extensive than he had any reason to expect from the situation existing at the time it was made. The right conveyed can be defeated only by showing that it has been waived or lost in some of the ways recognized by law."

The authorities cited are sufficient to define the rights of the plaintiff in this way. Not only has he the right of free egress and ingress thereover, but he has also the right of entry to " construct such a roadbed as he desired and to keep the same in repair." He has the right to " supply deficiencies in order to constitute a good road." He has the right then to fill in and level up that roadway so as to make an easy grade from the back of the store to the highway, and this right of his is paramount to any right which the defendant may have in the premises. It is apparent, therefore, that the defendant was unlawfully trespassing upon his rights when he made the excavations in the alleyway and when he placed a superstructure over said alleyway so as to interrupt the free ingress and egress if the alleyway should have been leveled and graded to make the passageway the most useful to the plaintiff.

The defendant, however, urges that the plaintiff should not be allowed to maintain this action on the ground that the structure was erected in his presence and without his protest. But the evidence is wholly insufficient to sustain the defense of an estoppel. The proof is that the building was commenced sometime in May ; as one of the witnesses says, he thinks about the tenth or the fifteenth.

The plaintiff's son and partner protested and was told that if he did not like it he could go to law. The action was commenced and the injunction herein served upon the seventeenth of May. There is no proof whatever of any silent acquiescence in this construction for any period which could in equity foreclose the plaintiff from now making his objection nor of any reliance of defendant thereupon.

It is further urged that the plaintiff is burdening this easement with a burden greater than the right granted him, on the ground that it is used for the benefit of a structure upon the lot north of his main store. It will be noticed that the easement was granted in terms " for the benefit of said adjoining lots west and north of said alley." The objection is made, however, that there is no proof that the grantee in that deed was the owner of this lot north of the alley which is now owned by the plaintiff. While the evidence is not as clear as it might be, nevertheless I think that this fact may be fairly inferred. The grant was made to the Skellenger heirs, and there was a concession upon the record that this lot north of the alley, from which is claimed to come the additional burden placed upon this easement, was the property of the Skellenger heirs originally, and there is further evidence by the witness Brown that this lot was owned by the Skellenger heirs. The record discloses no objection made upon the trial by the defendant's counsel that the easement was subject to any additional burden. Nor is any such claim made in the defendant's answer. It is difficult to see how, if it were true, it could affect the plaintiff's right to the right of way needed for the property west of the alley, to which burden the right of way is confessedly subject. I can find in the evidence no proof that this right of way has been, by the plaintiff, burdened in any way beyond the right given to him in the grant.

Again, it is urged on behalf of the defendant that for twenty years and upwards an archway had existed over this right of way, which was only nine feet in height, and that this constituted an acquiescence in this height as the measure of the plaintiff's necessities. The evidence is disputed as to the exact height of that archway. But whatever may have been its height seems to me immaterial. The failure to use the right of way to a greater height could only be a non-user which has in it none of the elements of an abandonment, and which can in no way preclude the plaintiff from

insisting upon a greater height whenever his necessities and conveniences demand. If plaintiff now suffers this superstructure to remain, an adverse user will have started, which in time will ripen into a title which would constitute a legal limitation of the plaintiff's rights.

It would seem quite evident that such a structure as has been here erected would be wholly insufficient to meet such necessities and conveniences of the plaintiff as might reasonably be anticipated. There is evidence of a partial obstruction to the plaintiff's use, as required by present necessities. This the court will not permit. Nor will the court permit a structure to be placed over this right of way, which may hereafter become an obstruction to any future use which may reasonably be anticipated. The right of way, by the terms of the grant, was liberal. Plaintiff's grantors, their heirs and assigns, were to have "free and perfect egress and ingress" thereover. There was no limitation of the use. This right, which has been called by the court a paramount right, the court will not measure by inches. Nor will the court measure the height of plaintiff's wagons, or the height of each particular load that he may have occasion to take over this particular right of way. The structure should be built so high as to admit of a grading of that right of way so as to make most convenient the passage of loads thereover, and of loads possibly higher than those plaintiff has heretofore taken. Part of plaintiff's business was the manufacture and sale of furniture. On our streets are commonly seen furniture vans which are higher than nine feet. Plaintiff may sell his property to one whose business will demand a still higher headway. Superstructures over rights of way are not usually built below the second floor. Such a structure, in the case at bar, would give a liberal interpretation to the rights of the plaintiff, which the law accords. The exact height that should be prescribed in this case we do not assume here to determine. That is always a question of fact to be determined from the exigencies of each particular case. In the case at bar it may be left to the trial court upon a retrial of this action, to which we think the plaintiff is entitled.

All concurred.

Judgment reversed on law and facts, and new trial granted, with costs to appellant to abide event.