GIACOMO SCORCA and CECILIA SCORCA, Respondents, v. MARIA TRICOMI, Appellant, and LONG ISLAND CITY SAVINGS BANK, Defendant.— Judgment canceling a driveway agreement, annulling the easement therein created, and enjoining the defendant-appellant from further availing herself of the use of the driveway between the properties of the respective parties, reversed on the law, with costs, and complaint dismissed, with costs. Findings of fact contained in the decision reversed and new findings will be made. The easement terminated by the judgment under review was created by grant, duly executed by the owners of adjacent parcels of land, over a strip of property ten feet wide, five feet of which was owned by each of the parties to the grant, constituting a driveway from the street to the rear of the premises described in the complaint. The taking of the rear portion of both parcels of land, over part of which the easement was created, including a part of the land included in the driveway, by the city of New York in condemnation proceedings for the purpose of opening a new street, which new street gave access to the properties from the rear, did not destroy the grant. By its terms the agreement located and permanently established a right of way or driveway over the ten-foot strip to a depth of one hundred and eighty feet between the houses erected upon the respective premises for ingress and egress. (*Haight v. Littlefield*, 147 N. Y. 338; *Welsh v. Taylor*, 134 id. 450; *Adirondack Power & Light*

*Corporation* v. *Evans*, 226 App. Div. 490.) Authorities involving easements implied as the result of mere user or of necessity have no application. Lazansky, P. J., Hagarty, Davis and Taylor, JJ., concur; Adel, J., dissents and votes to affirm, with the following memorandum: The agreement provided a right of way or driveway to a depth of one hundred and eighty feet to the front of the garages erected upon the property. The condemnation proceeding left the way about seventy-two feet in depth on one side and about seventy-five [feet] deep on the other. The reciprocal rights of the parties have been destroyed. The right of way is of no value to the plaintiff[s], and the defendant has not been injured in the matter of access to the rear of his [her] property by the street opening proceeding. Indeed, he [she] has been aided in that respect. Plaintiff[s] should not be left without a remedy, even though defendant obtained rights by way of grant.—Settle order on notice.