MARILYN E. BAILEY, Respondent, v CHARLES J. DIMICK, Appellant. [10 NYS3d 716]—

Devine, J. Appeals (1) from an order of the County Court of Otsego County (Burns, J.), entered December 3, 2013, which, among other things, granted plaintiff's motion for summary judgment, and (2) from the judgment entered thereon.

The parties own real property that is on or near Goodyear Lake in Otsego County. Plaintiff owns lots 4, 5 and 6 of a subdivision that was created in 1922. Her family has owned the lots since 1952, and they passed to her in 2004. Several rights-of-way allow access to and from the subdivision, and plaintiff has deeded rights to two of them, known as rights-of-way No. 2 and No. 3. Her property is bounded to the north by right-of-way No. 3, while right-of-way No. 2 runs from the eastern boundary of her property. She also claims that she is entitled to use a separate right-of-way running along the eastern edge of her property to a dock on the lake (hereinafter the dock path).

Right-of-way No. 3 is also known as Sunnikrest Road, and the road was moved after the Town of Milford acquired it in

1965, creating a triangular strip of land between the northeastern boundary of her property and the road. Defendant owns parcels to the north and east of plaintiff's property and, as such, right-of-way No. 2 runs across his land. His ownership of the northern parcel further entitles him to use the dock path, which now passes through the triangular strip. Defendant also purportedly obtained ownership of the triangular strip and dock path via a 2003 quitclaim deed from Eugene A. Bettiol and Elizabeth A. Bettiol.

After defendant interfered with plaintiff's use of right-of-way No. 2, plaintiff commenced this action in 2007. She sought, among other things, a determination that she owns the triangular strip and the dock path and injunctive relief protecting her use of right-of-way Nos. 2 and 3.[1] Plaintiff moved for summary judgment following joinder of issue, arguing that she was entitled to a permanent injunction preventing defendant from interfering with her use of the various rights-of-way and a declaration that her rights to use the triangular strip and the dock path were superior to the ownership interest purportedly obtained by defendant in the 2003 quitclaim deed. Defendant cross-moved for various relief and, while he conceded that plaintiff was entitled to use right-of-way No. 2 without interference, sought summary judgment dismissing her claims insofar as they dealt with the triangular strip and the dock path. County Court granted plaintiff's motion and, in so doing, dismissed the answer in its entirety. Defendant now appeals, focusing upon the grant of summary judgment upon the claims involving the triangular strip and the dock path.

Initially, there was no basis to deny plaintiff's summary judgment motion as premature. "Although a motion for summary judgment may be opposed with the claim that facts essential to justify opposition may exist but that such material facts are within the exclusive knowledge and possession of the moving party, the party opposing the motion must make an *evidentiary* showing to support that conclusion" (*2 N. St. Corp. v Getty Saugerties Corp.*, 68 AD3d 1392, 1395-1396 [2009], *lv denied* 14 NY3d 706 [2010] [internal quotation marks, brackets and citations omitted]; *see* CPLR 3212 [f]; *Seton Health at Schuyler Ridge Residential Health Care v Dziuba*, 127 AD3d 1297, 1300 [2015]). Defendant pointed out that plaintiff failed to respond to certain discovery demands, but did not take the essential

---

1. The Goodyear Lake Association was originally a plaintiff in this action, as the complaint asserts that it has title to the triangular strip and dock path runs, either by grant or by adverse possession. County Court dismissed that claim upon consent.

next step and show that her failure to do so deprived him of material information in her exclusive possession (*see Matter of Venner*, 235 AD2d 805, 809 [1997]).

Turning to the merits, the triangular strip was part of right-of-way No. 3 as delineated on the 1922 subdivision map. Plaintiff and her predecessors in title have deeded rights to use right-of-way No. 3, and an intent "to permanently fix the easement's location" may readily be discerned from the fact that it defines the northern boundary of her property (*Mac-Kinnon v Croyle*, 72 AD3d 1356, 1357 [2010]; *see Lewis v Young*, 92 NY2d 443, 452 [1998]). Sunnikrest Road subsequently became a public road and was relocated, but that fact "did not destroy the [original] grant" of a right-of-way over the triangular strip (*Scorca v Tricomi*, 256 App Div 837, 837 [1939], *affd* 281 NY 873 [1939]; *see Firsty v De Thomasis*, 177 AD2d 839, 841 [1991]). Inasmuch as plaintiff averred that she and her family have consistently used the triangular strip, and the easement over it was not "terminated by abandonment, conveyance, condemnation or adverse possession," County Court properly determined that the easement continues to exist and survives both the 2003 quitclaim deed to defendant and his subsequent efforts to deprive plaintiff of access to it (*Firsty v De Thomasis*, 177 AD2d at 841; *see Will v Gates*, 89 NY2d 778, 784 [1997]).

County Court should not, however, have granted summary judgment upon the entire complaint. Plaintiff asserted causes of action premised upon the theory that the Bettiols never had title of the triangular strip or the dock path and that, as a result, defendant did not obtain any ownership interest in those parcels by virtue of the 2003 quitclaim deed. Plaintiff made minimal effort to substantiate that belief and, as such, did not "establish 'a prima facie showing of entitlement to judgment as a matter of law' " (*Voss v Netherlands Ins. Co.*, 22 NY3d 728, 734 [2014], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The cross motion of defendant fails for the same reason, as he did not produce the chain of title for the triangular strip and the dock path or any other evidence to show that the Bettiols had an ownership interest in those parcels (*compare Adamec v Mueller*, 94 AD3d 1212, 1213 [2012], *lv denied* 20 NY3d 856 [2013]).

Summary judgment was also inappropriate with regard to plaintiff's claims that she has obtained ownership in the triangular strip and the dock path by adverse possession. It is questionable whether plaintiff sought summary judgment on these claims, as she indicated in her motion papers that she

was seeking "partial summary judgment" regarding her easement rights and referred to the adverse possession issue as "tangential." In any event, plaintiff provided nothing to suggest that the exercise of her right to use the triangular strip and alleged right to use the dock path "assumed the [requisite] attitude of hostility to any right in the real owner" so as to constitute adverse possession (*Wilcox v McLean*, 90 AD3d 1363, 1365 [2011]; *see Estate of Becker v Murtagh*, 19 NY3d 75, 81 [2012]).[2] Thus, the order and judgment must be modified to deny summary judgment upon those claims.

Defendant's remaining arguments have been examined and found to be unavailing.

Peters, P.J., Garry and Rose, JJ., concur. Ordered that the order and judgment are modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment on the second, third, fourth, sixth and seventh causes of action; motion denied to said extent; and, as so modified, affirmed.

---

2. Amendments to the RPAPL made in 2008, which postdate the commencement of this action and the time when plaintiff's title in the triangular strip and the dock path purportedly vested, do not apply (*see Estate of Becker v Murtagh*, 19 NY3d at 81 n 4).